**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br>　　　　　　　Plaintiff,<br>v.<br><br>OVERHEAD DOOR CORPORATION and<br>GMI HOLDINGS INC.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

**JOINT SUBMISSION OF PLAINTIFF'S AND DEFENDANTS'
JOINT PROPOSED AND DISPUTED VERDICT FORM**

Plaintiff The Chamberlain Group LLC ("Chamberlain") and Defendants Overhead Door

Corporation and GMI Holdings Inc. ("Overhead Door") (collectively, the "Parties") hereby file

the attached Joint Proposed and Disputed Verdict Form for this Court's consideration.  Text in

black has been agreed to by the parties; text highlighted in yellow reflects Plaintiff's proposed

language and/or objections; and text highlighted in green reflects Defendants' proposed language

and/or objections.

Date:  January 31, 2022                       Respectfully submitted,

By:    */s/ Benjamin C. Elacqua*　　　　　　
        Ruffin Cordell
        cordell@fr.com
        Texas Bar Number 04820550
        Daniel Gopenko
        Virginia Bar Number 83932
        gopenko@fr.com
        **FISH & RICHARDSON P.C.**
        1000 Maine Ave SW, Suite 1000
        Washington, DC 20024
        Telephone: 202-783-5070
        Facsimile: 202-783-2331

        Benjamin C. Elacqua
        Texas Bar Number 24055443

elacqua@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Jared A. Smith *(Pro Hac Vice)*
California Bar Number 306576
jasmith@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Scott M. Flanz *(Pro Hac Vice)*
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

**COUNSEL FOR PLAINTIFF**
**THE CHAMBERLAIN GROUP LLC**

*/s/ David C. Callahan*
David K. Callahan
IL Bar No. 6206671
Kenneth G. Schuler
IL Bar No. 6226036
Marc N. Zubick
IL Bar No. 6308239
Raj Patel
IL Bar No. 6321274
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
kenneth.schuler@lw.com
david.callahan@lw.com
marc.zubick@lw.com
raj.patel@lw.com

S. Giri Pathmanaban
TX Bar No. 24074865
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
giri.pathmanaban@lw.com

Susan Y. Tull
D.C. Bar No. 992644
Gabriel K. Bell
D.C. Bar No. 987112
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
susan.tull@lw.com
gabriel.bell@lw.com

Bradley A. Hyde
CA Bar No. 301145
**LATHAM & WATKINS LLP**
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92843
Telephone: (714) 755-8041
Fax: (714) 755-8290
bradley.hyde@lw.com

Stephen A. Maniscalco
NY Bar No. 5387063
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
stephen.maniscalco@lw.com

Michael C. Smith
TX Bar No. 18650410
**SCHEEF & STONE, LLP**
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Scott W. Breedlove
TX Bar No. 00790361
Nathan Cox
TX Bar No. 24105751
**CARTER ARNETT PLLC**
8150 N. Central Expy, 5th Floor
Dallas, TX 75206
Telephone (214) 550-8188
Fax: (214) 550-8185
sbreedlove@carterarnett.com
ncox@carterarnett.com

**ATTORNEYS FOR DEFENDANTS
OVERHEAD DOOR CORPORATION
AND GMI HOLDINGS INC.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via email on this 31st day of January, 2022.

<u>*/s/ Benjamin C. Elacqua*</u>
Benjamin C. Elacqua

**<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned hereby certifies that counsel for the parties met and conferred throughout January are in agreement with the content of this Verdict Form.

<u>*/s/ Benjamin C. Elacqua*</u>
Benjamin C. Elacqua

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC | |
| Plaintiff, | Case No. 2:21-cv-0084-JRG |
| v. | |
| OVERHEAD DOOR CORPORATION and GMI HOLDINGS INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## VERDICT FORM

In answering the following questions and completing this Verdict Form, you are to follow all the instructions I have given you in the Court's Final Jury Instructions.  Your answers to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions.  You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

As used herein, the following terms have the following meanings:

- "Chamberlain" or "Plaintiff" refers to Plaintiff The Chamberlain Group LLC.

- "Defendants" or "Overhead Door" refers to Defendants Overhead Door Corporation and GMI Holdings, Inc.

- "Asserted Patents" refers to U.S. Patent Nos. 8,587,404 (the "'404 patent"), 9,644,416 (the "'416 patent"), 7,852,212 (the "'212 patent"), and 8,144,011 (the "'011 patent").

## <u>QUESTION NO. 1A – INFRINGEMENT ('404 patent):</u>

Did Chamberlain prove by a preponderance of the evidence that Overhead Door

infringed any of the following Asserted Claims of the **'404 patent**?

Claim 4     Yes: _____     No: _____
Claim 6     Yes: _____     No: _____
Claim 7     Yes: _____     No: _____
Claim 8     Yes: _____     No: _____
Claim 9     Yes: _____     No: _____
Claim 11    Yes: _____     No: _____
Claim 16    Yes: _____     No: _____
Claim 17    Yes: _____     No: _____
Claim 18    Yes: _____     No: _____
Claim 19    Yes: _____     No: _____
Claim 20    Yes: _____     No: _____

## <u>QUESTION NO. 1B – INFRINGEMENT ('416 patent):</u>

Did Chamberlain prove by a preponderance of the evidence that Overhead Door

infringed any of the following Asserted Claims of the **'416 patent**?

| | | |
|---|---|---|
| Claim 1 | Yes: _____ | No: _____ |
| Claim 2 | Yes: _____ | No: _____ |
| Claim 3 | Yes: _____ | No: _____ |
| Claim 4 | Yes: _____ | No: _____ |
| Claim 5 | Yes: _____ | No: _____ |
| Claim 6 | Yes: _____ | No: _____ |
| Claim 7 | Yes: _____ | No: _____ |
| Claim 8 | Yes: _____ | No: _____ |
| Claim 9 | Yes: _____ | No: _____ |
| Claim 10 | Yes: _____ | No: _____ |
| Claim 11 | Yes: _____ | No: _____ |
| Claim 12 | Yes: _____ | No: _____ |
| Claim 13 | Yes: _____ | No: _____ |
| Claim 14 | Yes: _____ | No: _____ |

## **QUESTION NO. 1C – INFRINGEMENT ('212 patent):**

Did Chamberlain prove by a preponderance of the evidence that Overhead Door

infringed any of the following Asserted Claims of the **'212 patent**?

Claim 1     Yes: _____     No: _____
Claim 2     Yes: _____     No: _____
Claim 15     Yes: _____     No: _____
Claim 16     Yes: _____     No: _____
Claim 19     Yes: _____     No: _____

## QUESTION NO. 1D – INFRINGEMENT ('011 patent):

Did Chamberlain prove by a preponderance of the evidence that Overhead Door

infringed any of the following Asserted Claims of the **'011 patent**?

       Claim 1     Yes: _____     No: _____
       Claim 2     Yes: _____     No: _____
       Claim 4     Yes: _____     No: _____

**If you answered YES to Question No. 1A, then answer Question No. 2A.[1] [2]**

## QUESTION NO. 2A – INVALIDITY ('404 patent):

---

[1]     PLAINTIFF'S POSITION:  This instruction properly directs the jury to not consider Overhead Door's *affirmative defense* of invalidity in the event that infringement is not found. Overhead Door did not bring a counterclaim for invalidity.  As a result, if the jury finds that there is no infringement, Overhead Door's affirmative defenses of invalidity are moot.  *See Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1376 n. 1 (Fed. Cir. 2005) ("[Defendant] only filed affirmative defenses and not counterclaims.  Since there are no pending counterclaims with respect to invalidity," finding noninfringement without a finding on validity was a "proper final judgment."); *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998) (expressly declining to require trial courts to decide issues of validity once a dispute has been finally disposed of on other grounds).

Indeed, as some courts have observed, such a finding could produce reversible error.  *See Wireless Ink Corp. v. Facebook, Inc.*, 969 F. Supp. 2d 318, 338–39 (S.D.N.Y. 2013), *aff'd sub nom. Wireless Ink Corp. v. Google, Inc.*, 570 F. App'x 941 (Fed. Cir. 2014) ("[W]here, as here, the issue of invalidity is raised solely as an affirmative defense, rather than as a counterclaim for declaratory judgment, a district court's resolution of the invalidity issue after a finding of non-infringement constitutes unnecessary dicta, if not, in certain circumstances, reversible error.").

[2]     DEFENDANTS' POSITION:  Defendants object to the inclusion of this instruction. Defendants are entitled to determine whether the Asserted Claims are invalid even if they are not infringed where Defendants have asserted affirmative defenses of invalidity against the Asserted Claims.  None of CGI's cited case law stands for the presumption that a Court or jury cannot or should not reach the issue of invalidity if no infringement is found, merely because invalidity was only raised as an affirmative defense.  In fact, the Federal Circuit has explicitly held that "*Multiform Desiccants* permits a district court to resolve the issue of invalidity, even if the issue was raised only as an affirmative defense and even if the court finds that the patent was not infringed." *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1344 (Fed. Cir. 2000).

And while the Federal Circuit in *Multiform Desiccants* recognized the Court's *discretion* to decide the affirmative defense, the Court explicitly stressed "the useful general rule that trial courts should decide all litigated issues, in the interest of finality."  133 F.3d at 1481.  As the Court explained, "if the Federal Circuit had reversed the judgment of non-infringement, the issue of validity would have required remand and decision, perhaps followed by another appeal, and accompanying cost, delay, and inefficiency."  The same applies here:  the parties will have expended significant resources litigating the issue of invalidity by the time the issue reaches the jury, and withholding this issue from the jury would only risk having to re-litigate this issue again should a finding of non-infringement be overturned on appeal.

Did Overhead Door prove by clear and convincing evidence that any of the following

Asserted Claims of the **'404 patent** are invalid?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

Claim 4:    Yes: _____    No: _____
Claim 6:    Yes: _____    No: _____
Claim 7:    Yes: _____    No: _____
Claim 8:    Yes: _____    No: _____
Claim 9:    Yes: _____    No: _____
Claim 11:   Yes: _____    No: _____
Claim 16:   Yes: _____    No: _____
Claim 17:   Yes: _____    No: _____
Claim 18:   Yes: _____    No: _____
Claim 19:   Yes: _____    No: _____
Claim 20:   Yes: _____    No: _____

**If you answered YES to Question No. 1B, then answer Question No. 2B.[3],[4]**


## QUESTION NO. 2B – INVALIDITY ('416 patent):

Did Overhead Door prove by clear and convincing evidence that any of the following

Asserted Claims of the **'416 patent** are invalid?


*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

| | | |
|---|---|---|
| Claim 1: | Yes: _____ | No: _____ |
| Claim 2: | Yes: _____ | No: _____ |
| Claim 3: | Yes: _____ | No: _____ |
| Claim 4: | Yes: _____ | No: _____ |
| Claim 5: | Yes: _____ | No: _____ |
| Claim 6: | Yes: _____ | No: _____ |
| Claim 7: | Yes: _____ | No: _____ |
| Claim 8: | Yes: _____ | No: _____ |
| Claim 9: | Yes: _____ | No: _____ |
| Claim 10: | Yes: _____ | No: _____ |
| Claim 11: | Yes: _____ | No: _____ |
| Claim 12: | Yes: _____ | No: _____ |
| Claim 13: | Yes: _____ | No: _____ |
| Claim 14: | Yes: _____ | No: _____ |

---

[3]     PLAINTIFF'S POSITION:  *See* prior comment on invalidity instructions.

[4]     DEFENDANTS' POSITION:  *See* prior comment on invalidity instructions.

**If you answered YES to Question No. 1C, then answer Question No. 2C.[5],[6]**

## QUESTION NO. 2C – INVALIDITY ('212 patent):

Did Overhead Door prove by clear and convincing evidence that any of the following

Asserted Claims of the **'212 patent** are invalid?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

Claim 1:      Yes: _____      No: _____
Claim 2:      Yes: _____      No: _____
Claim 15:    Yes: _____      No: _____
Claim 16:    Yes: _____      No: _____
Claim 19:    Yes: _____      No: _____

---

[5]      PLAINTIFF'S POSITION:  *See* prior comment on invalidity instructions.

[6]      DEFENDANTS' POSITION:  *See* prior comment on invalidity instructions.

**If you answered YES to Question No. 1D, then answer Question No. 2D.**[7],[8]

## QUESTION NO. 2D – INVALIDITY ('011 patent):

Did Overhead Door prove by clear and convincing evidence that any of the following

Asserted Claims of the **'011 patent** are invalid?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

Claim 1:    Yes: _____    No: _____
Claim 2:    Yes: _____    No: _____
Claim 4:    Yes: _____    No: _____

---

[7]    PLAINTIFF'S POSITION:  *See* prior comment on invalidity instructions.

[8]    DEFENDANTS' POSITION:  *See* prior comment on invalidity instructions.

> **If you answered YES to Question No. 1A, then answer Question No. 2A.[9]**
>
> **If you found in Question No. 1A that Defendants infringed any Asserted Claim of the '404 patent and found in Question No. 2A that any such infringed Asserted Claim of the '404 patent was not invalid, then answer Question No. 3A.  Otherwise, do not answer Question No. 3A.[10]**

## QUESTION NO. 3A – WILLFUL INFRINGEMENT ('404 patent):

Did Chamberlain prove by a preponderance of the evidence that Overhead Door willfully infringed any of the following Asserted Claims of the **'404 patent**?

*Yes is a finding for Chamberlain.  No is a finding for Overhead Door.*

      Claim 4:     Yes: _____     No: _____

---

[9]    PLAINTIFF'S POSITION:  Infringement and willful infringement are properly considered consecutively.  For this reason, Chamberlain proposes that willful infringement be considered as Question No. 2.  Separating the questions of infringement as Overhead Door proposes is more likely to introduce jury confusion as it distracts from the infringement analysis.

Overhead Door's instruction is further prejudicial as it improperly requires consideration of Overhead Door's affirmative defenses prior to resolving infringement.  Chamberlain is entitled for the jury to consider the claims it asserts.  Overhead Door may then present its affirmative defenses.  Inserting affirmative defenses in between Chamberlain's claims is confusing to the jury and prejudicial.

[10]    DEFENDANTS' POSITION:  This question deals with willful infringement.  CGI's argument that this issue must follow infringement and not consider invalidity has no merit, as the proofs for infringement and willful infringement are fundamentally different.  Moreover, it is important for purposes of any potential appeal that the parties know which patent claims the jury found to be willfully infringed and that any claims that the jury found to be willfully infringed were claims that were both infringed and not invalid.

Having the question of willful infringement follow the question of invalidity is also in line with prior verdict forms used by this Court.  *See, e.*g., *Bright Data Ltd. v. Teso LT, et. al*, No. 2:19-cv-00395-JRG.

Page 12

Claim 6:     Yes: _____     No: _____
Claim 7:     Yes: _____     No: _____
Claim 8:     Yes: _____     No: _____
Claim 9:     Yes: _____     No: _____
Claim 11:    Yes: _____     No: _____
Claim 16:    Yes: _____     No: _____
Claim 17:    Yes: _____     No: _____
Claim 18:    Yes: _____     No: _____
Claim 19:    Yes: _____     No: _____
Claim 20:    Yes: _____     No: _____

**If you answered YES to Question No. 1B, then answer Question No. 2B.[11]**

**If you found in Question No. 1B that Defendants infringed any Asserted Claim of the '416 patent and found in Question No. 2B that any such infringed Asserted Claim of the '416 patent was not invalid, then answer Question No. 3B.  Otherwise, do not answer Question No. 3B.[12]**

## QUESTION NO. 3B – WILLFUL INFRINGEMENT ('416 patent):

Did Chamberlain prove by a preponderance of the evidence that Overhead Door willfully infringed any of the following Asserted Claims of the **'416 patent**?

*Yes is a finding for Chamberlain.  No is a finding for Overhead Door.*

Claim 1:     Yes: _____     No: _____
Claim 2:     Yes: _____     No: _____
Claim 3:     Yes: _____     No: _____
Claim 4:     Yes: _____     No: _____
Claim 5:     Yes: _____     No: _____
Claim 6:     Yes: _____     No: _____
Claim 7:     Yes: _____     No: _____
Claim 8:     Yes: _____     No: _____
Claim 9:     Yes: _____     No: _____
Claim 10:    Yes: _____     No: _____
Claim 11:    Yes: _____     No: _____
Claim 12:    Yes: _____     No: _____
Claim 13:    Yes: _____     No: _____
Claim 14:    Yes: _____     No: _____

---

[11]     PLAINTIFF'S POSITION:  *See* prior comment on willful infringement instructions.

[12]     DEFENDANTS' POSITION:  *See* prior comment on willful infringement instructions.

**If you answered YES to Question No. 1C, then answer Question No. 2C.**[13]

**If you found in Question No. 1C that Defendants infringed any Asserted Claim of the '212 patent and found in Question No. 2C that any such infringed Asserted Claim of the '212 patent was not invalid, then answer Question No. 3C.  Otherwise, do not answer Question No. 3C.**[14]

## QUESTION NO. 3C – WILLFUL INFRINGEMENT ('212 patent):

Did Chamberlain prove by a preponderance of the evidence that Overhead Door willfully infringed any of the following Asserted Claims of the **'212 patent**?

*Yes is a finding for Chamberlain.  No is a finding for Overhead Door.*

Claim 1:     Yes: _____     No: _____
Claim 2:     Yes: _____     No: _____
Claim 15:    Yes: _____     No: _____
Claim 16:    Yes: _____     No: _____
Claim 19:    Yes: _____     No: _____

---

[13]     PLAINTIFF'S POSITION:  *See* prior comment on willful infringement instructions.

[14]     DEFENDANTS' POSITION:  *See* prior comment on willful infringement instructions.

**If you answered YES to Question No. 1D, then answer Question No. 2D.[15]**

**If you found in Question No. 1D that Defendants infringed any Asserted Claim of the '011 patent and found in Question No. 2D that any such infringed Asserted Claim of the '011 patent was not invalid, then answer Question No. 3D.  Otherwise, do not answer Question No. 3D.[16]**

## QUESTION NO. 3D – WILLFUL INFRINGEMENT ('011 patent):

Did Chamberlain prove by a preponderance of the evidence that Overhead Door willfully infringed any of the following Asserted Claims of the **'011 patent**?

*Yes is a finding for Chamberlain.  No is a finding for Overhead Door.*

Claim 1:     Yes: _____     No: _____
Claim 2:     Yes: _____     No: _____
Claim 4:     Yes: _____     No: _____

---

[15]     PLAINTIFF'S POSITION:  *See* prior comment on willful infringement instructions.

[16]     DEFENDANTS' POSITION:  *See* prior comment on willful infringement instructions.

**If you answered NO to Question No. 1A, then DO NOT answer Question No. 4A.  Answer Question No. 4A ONLY as to any Asserted Claim that you have found BOTH to be INFRINGED and NOT INVALID.[17] [18]**

## QUESTION NO. 4A – PATENT INELIGIBLE ('404 patent):

Did Overhead Door prove by clear and convincing evidence that the elements of the following claims in the **'404 patent** involve only the performance of well-understood, routine, and conventional activities previously known to the industry as of March 24, 2009?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

Claim 4:    Yes: _____    No: _____
Claim 6:    Yes: _____    No: _____
Claim 7:    Yes: _____    No: _____
Claim 8:    Yes: _____    No: _____
Claim 9:    Yes: _____    No: _____
Claim 11:   Yes: _____    No: _____
Claim 16:   Yes: _____    No: _____
Claim 17:   Yes: _____    No: _____
Claim 18:   Yes: _____    No: _____
Claim 19:   Yes: _____    No: _____

---

[17]    PLAINTIFF'S POSITION:  For the same reasons discussed in footnote 1, this instruction properly directs the jury to not consider Overhead Door's *affirmative defense* of patent ineligibility in the event that infringement is not found.  If the jury finds that there is no infringement, Overhead Door's affirmative defenses are moot.  Federal Circuit jurisprudence is clear on this issue as presented in footnote 1.

[18]    DEFENDANTS' POSITION:  Defendants object to the inclusion of this instruction.  As discussed above, Defendants are entitled to determine whether the Asserted Claims are invalid even if they are not infringed where Defendants have asserted affirmative defenses of invalidity against the Asserted Claims.  To the extent that any infringement finding is overturned on appeal or on subsequent remand, it is important to know what claims the jury found invalid.

Claim 20:    Yes: _____    No: _____

> **If you answered NO to Question No. 1B, then DO NOT answer Question No. 4B.  Answer Question No. 4B ONLY as to any Asserted Claim that you have found BOTH to be INFRINGED and NOT INVALID.[19] [20]**

## QUESTION NO. 4B – PATENT INELIGIBLE ('212 patent):

Did Overhead Door prove by clear and convincing evidence that the elements of the following claims in the **'212 patent** involve only the performance of well-understood, routine, and conventional activities previously known to the industry as of May 5, 2009?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

| | | | |
|---|---|---|---|
| Claim 1: | Yes: _____ | No: _____ |
| Claim 2: | Yes: _____ | No: _____ |
| Claim 15: | Yes: _____ | No: _____ |
| Claim 16: | Yes: _____ | No: _____ |
| Claim 19: | Yes: _____ | No: _____ |

---

[19]   PLAINTIFF'S POSITION:  See prior comment on patentability instructions.

[20]   DEFENDANTS' POSITION:  *See* prior comment on patentability instructions.

**If you answered NO to Question No. 1C, then DO NOT answer Question No. 4C. Answer Question No. 4C ONLY as to any Asserted Claim that you have found BOTH to be INFRINGED and NOT INVALID. [21] [22]**

## QUESTION NO. 4C – PATENT INELIGIBLE ('011 patent):

Did Overhead Door prove by clear and convincing evidence that the elements of the following claims in the **'011 patent** involve only the performance of well-understood, routine, and conventional activities previously known to the industry as of May 5, 2009?

*No is a finding for Chamberlain.  Yes is a finding for Overhead Door.*

Claim 1:     Yes: _____     No: _____
Claim 2:     Yes: _____     No: _____
Claim 4:     Yes: _____     No: _____

---

[21]     PLAINTIFF'S POSITION:  See prior comment on patentability instructions.

[22]     DEFENDANTS' POSITION:  *See* prior comment on patentability instructions.

> **If you answered NO to ALL of Question No. 1A through 1D then DO NOT answer Question No. 5.**
>
> **If you answered YES to ALL of Question No. 3A through 3D then DO NOT answer Question No. 5.**
>
> **PROCEED TO ANSWER QUESTION NO. 5 as to ONLY any asserted claims that you have found both to be infringed AND not invalid.**

## QUESTION NO. 5 – DAMAGES:

What sum of money, paid now, do you find by a preponderance of evidence would fairly and reasonably compensate Chamberlain for its past damages resulting from any infringement you have found?

**Answer in United States Dollars and Cents:**

$ _____

## <u>FINAL PAGE OF THE JURY VERDICT FORM</u>

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your **UNANIMOUS** determinations.   The Jury Foreperson should then sign and date the Verdict Form in the spaces below.  Once this is done, notify the Court Security Officer that you have reached a verdict.  The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back into the courtroom.

Signed this _____ day of March, 2022

_____
**Jury Foreperson**