# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br>          Plaintiff,<br>v.<br><br>OVERHEAD DOOR CORPORATION and<br>GMI HOLDINGS INC.,<br><br>          Defendants. | <br><br><br><br>Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

████████████

## JOINT FINAL PRETRIAL ORDER

This cause came before the court at a pretrial management conference held on February 14, 2022, pursuant to the Amended Docket Control Order (Dkt. 101), Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## A.    COUNSEL FOR THE PARTIES

### 1.    Plaintiff – The Chamberlain Group LLC ("Plaintiff" or "Chamberlain")

| | |
|---|---|
| Ruffin Cordell<br>cordell@fr.com<br>Texas Bar Number 04820550<br>Daniel R. Gopenko<br>gopenko@fr.com<br>Virginia Bar Number 83932<br>Jack R. Wilson, IV<br>Virginia Bar Number 91178<br>jwilson@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Ave SW, Suite 1000<br>Washington, DC 20024<br>Telephone: 202-783-5070 | Benjamin C. Elacqua<br>Texas Bar Number 24055443<br>elacqua@fr.com<br>Kathryn Quisenberry<br>Texas Bar Number 24105639<br>quisenberry@fr.com<br>FISH & RICHARDSON P.C.<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>Telephone: 713-654-5300 |

| | |
|---|---|
| Betty Chen<br>Texas Bar Number 24056720<br>bchen@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: 650-839-5070 | Aamir A. Kazi<br>Georgia Bar Number 104235<br>kazi@fr.com<br>FISH & RICHARDSON P.C.<br>1180 Peachtree Street, NE, 21st Floor<br>Atlanta, GA 30309<br>Telephone: 404-582-5005 |
| Jared A. Smith (Pro Hac Pending)<br>California Bar Number 306576<br>jasmith@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suit 400<br>San Diego, CA 92130<br>Telephone: 858-678-5070 | Michael R. Rueckheim (Lead Counsel)<br>Texas Bar Number 24081129<br>mruckheim@winston.com<br>Eimeric Reig-Plessis<br>ereigplessis@winston.com<br>WINSTON & STRAWN LLP<br>275 Middlefield Road, Suite 205<br>Menlo Park, CA 94025<br>Telephone: 650-858-6500 |
| Dillon S. Kellerman (admitted Pro Hac Vice)<br>dkellerman@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street<br>35th Floor<br>San Francisco, California 94111<br>Telephone: 415-591-1000 | Lawrence Slusky<br>Virginia Bar Number 888314329<br>lslusky@winston.com<br>WINSTON & STRAWN LLP<br>1901 L Street, N.W. Washington<br>Washington, DC 20036<br>Telephone: 202-282-5000 |
| M. Brett Johnson<br>Texas Bar Number 00790975<br>mbjohnson@winston.com<br>Michael A. Bittner<br>Texas Bar Number 24064905<br>mbittner@winston.com<br>Ahtoosa A. Dale<br>Texas Bar Number 24101443<br>adale@winston.com<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, Texas 75201<br>Telephone: 214-453-6416 | James Winn (admitted Pro Hac Vice)<br>jwinn@winston.com<br>Illinois Bar Number 6307338<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Telephone: 312-558-5600 |

| | |
|---|---|
| Melissa Smith<br>Texas Bar Number 24001351<br>melissa@gillamsmithlaw.com<br>J. Travis Underwood<br>Texas Bar Number 24102587<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: 903-934-8450<br>Facsimile: 903-934-9257 | Scott M. Flanz<br>flanz@fr.com<br>New York Bar Number 5423801<br>FISH & RICHARDSON P.C.<br>Times Square Tower, 20th Floor<br>New York, NY 10036<br>Telephone: 212-765-2305 |

**2. Defendants – Overhead Door Corporation and GMI Holdings, Inc. ("Overhead Door" or "Defendants")**

| | |
|---|---|
| David K. Callahan<br>IL Bar No. 6206671<br>Kenneth G. Schuler<br> IL Bar No. 6226036<br>Marc N. Zubick<br>IL Bar No. 6308239<br>Raj Patel<br>IL Bar No. 6321274<br>LATHAM & WATKINS LLP<br>330 N. Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Fax: (312) 993-9767<br>david.callahan@lw.com<br>kenneth.schuler@lw.com<br>marc.zubick@lw.com<br>raj.patel@lw.com | S. Giri Pathmanaban<br>TX Bar No. 24074865<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Fax: (650) 463-2600<br>giri.pathmanaban@lw.com |
| Susan Y. Tull<br>D.C. Bar No. 992644<br>Gabriel K. Bell<br>D.C. Bar No. 987112<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: (202) 637-2200<br>Fax: (202) 637-2201<br>susan.tull@lw.com<br>gabriel.bell@lw.com | Stephen A. Maniscalco<br>NY Bar No. 5387063<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Fax: (212) 751-4864<br>stephen.maniscalco@lw.com |
| Bradley A. Hyde<br>CA Bar No. 301145<br>LATHAM & WATKINS LLP<br>650 Town Center Dr., 20th Floor<br>Costa Mesa, CA 92626 | Michael C. Smith<br>TX Bar No. 18650410<br>SCHEEF & STONE, LLP<br>113 East Austin Street<br>Marshall, TX 75670 |

| | |
|---|---|
| Telephone: (714) 755-8041<br>Fax: (714) 755-8290<br>bradley.hyde@lw.com | Telephone: (903) 938-8900<br>michael.smith@solidcounsel.com |
| Scott W. Breedlove<br>TX Bar No. 00790361<br>Nathan Cox<br>TX Bar No. 24105751<br>Edgar L. Carter<br>TX Bar No. 03914300<br>Joshua J. Bennett<br>TX Bar No. 24059444<br><br>CARTER ARNETT PLLC<br>8150 N. Central Expy, 5th Floor<br> Dallas, TX 75206<br>Telephone (214) 550-8188<br>Fax: (214) 550-8185<br>sbreedlove@carterarnett.com<br>ncox@carterarnett.com<br>jbennett@carterarnett.com<br>lcarter@carterarnett.com | Edgar Leon Carter<br>Joshua James Bennett<br>Nathan Isaiah Charles Cox<br><br>Carter Arnett PLLC<br>8150 N. Central Expressway<br>Suite 500<br>Dallas, TX 75206<br>214-550-8188<br>Fax: 214-550-8185<br>Email: lcarter@carterarnett.com |

## B.      STATEMENT OF JURISDICTION

### 1.       Statement of Jurisdiction

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  Personal jurisdiction is not disputed.  The Court has found that venue is proper in this District and the Federal Circuit has denied Overhead Door's Mandamus Petition. Dkt. No. 147.

## C.      NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Chamberlain alleges that Overhead Door has infringed certain claims of U.S. Patent Nos. 8,587,404 ("the '404 patent), 9,644,416 ("the '416 patent), 7,852,212 ("the '212 patent), and 8,144,011 ("the '011 patent). These are referred to collectively as "the Patents-in-Suit."

Chamberlain alleges that Overhead Door directly and indirectly, both literally and under the doctrine of equivalents, infringes the patents-in-suit under 35 U.S.C. §§ 271(a) and (b), including by inducing infringement of end users.  Chamberlain alleges that Overhead Door willfully infringed and continues to willfully infringe the Patents-in-Suit.  Chamberlain  seeks damages in the form of lost profits and a reasonably royalty from Overhead Door for infringing the Patents-in-Suit, by making, using, importing, selling, and/or offering to sell in the United States certain residential garage door openers and accessories. Chamberlain seeks an accounting and an award of damages for any infringing sales not presented at trial, a permanent injunction enjoining Overhead Door from future infringement and/or an ongoing licensing fee, pre- and post-judgment interest, costs, and all other damages permitted by 35 U.S.C. § 284, including treble damages as well as attorneys' fees as provided by 35 U.S.C. § 285.

Defendants deny that the Patents-in-Suit are infringed, either literally or under the doctrine of equivalents, and that each of the asserted claims are invalid in light of the prior art and/or under 35 U.S.C. § 101, 102(a), (b), (f), 103 and/or 112; and/or are unenforceable due to inequitable conduct; therefore Chamberlain is not entitled to any damages or injunctive relief in this case. Defendants further deny any allegations of willful infringement, as Chamberlain has failed to present any evidence of willful misconduct by Defendants; therefore any enhanced damages would be inappropriate.  To the extent that the Asserted Patents are found valid and infringed by the finder of fact, Chamberlain is entitled to no more than a reasonable royalty.  Defendants further contend that any damages must be limited in view of Chamberlain's failure to comply with the marking requirements of 35 U.S.C. § 287.  Defendants further seek reasonable and necessary attorneys' fees, including prejudgment interest on such fees, and costs and expenses in this action. The computation of those fees and costs is based on the hourly rate and hours worked by

Defendants' counsel and the costs and expenses incurred in defending this litigation.

**D.     CONTENTIONS OF THE PARTIES[1]**

> **1.     Contentions of Chamberlain:**

(1)     Chamberlain contends that Overhead Door infringes, literally, and/or under doctrine of equivalents, directly and/or by inducement, claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and 20 of the '404 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the MachForce Connect Model 4063, QuietLift Connect 3⁄4 HPc Garage Door Opener- Wi-fi Enabled Ultra Quiet Belt Drive - Works W/ Amazon Alexa and Google Home, 1 1⁄4 HP Quiet Belt Drive Garage Door Opener with LED, Battery Backup and Aladdin Connect, Chain Connect Model 2033, SilentMax LED Connect Ultra-Quiet Belt Drive Smart Garage Door Opener w/ LED lighting and Battery Backup + Aladdin, StealthDrive 750 Plus Model 7055, StealthDrive Connect Model 7155-TKV Smartphone-Controlled Ultra-Quiet Strong Belt Drive Garage Door Opener, Battery Backup - Compatible with Alexa & Google Assistant, SilentMax Connect Model 3053, Model 2128, Model 1128, Model 3120HL, Model 3120, Model 4164, Model 4124, Model 6170 & 6070, Wall Mount Smart Garage Door Opener- Direct Drive Side Mount with Wireless Wall Console, Battery Backup, and Wi-Fi, InfinityTM 2000 Garage Door Opener, Destiny® 1500 Garage Door Opener, Destiny® 1200 Garage Door Opener, Odyssey® 1000 Garage Door Opener, Legacy® 920 Garage Door Opener, Legacy® 850 Garage Door Opener, and Legacy® 650 Belt Garage Door Opener.

(2)     Plaintiff contends that Defendants infringe, literally, and/or under doctrine of equivalents, directly and/or by inducement, claims 1-14 of the '416 patent by making, using,

---

[1] The fact that a contention is presented in this pleading does not mean that the opposing party accepts that this contention is properly disclosed or presentable at trial.

selling, offering for sale, exporting from, and/or importing into the United States the Aladdin Connect® Smartphone Enabled Garage Door Controller, and OHD Anywhere® Retrofit Kit.

(3)     Chamberlain contends that Overhead Door infringes, literally, and/or under doctrine of equivalents, directly and/or by inducement, claims 1, 2, 15, 16, and 19 of the '212 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States MachForce Connect Model 4063, QuietLift Connect 3⁄4 HPc Garage Door Opener-Wi-fi Enabled Ultra Quiet Belt Drive - Works W/ Amazon Alexa and Google Home, 1 1⁄4 HP Quiet Belt Drive Garage Door Opener with LED, Battery Backup and Aladdin Connect, Chain Connect Model 2033, SilentMax LED Connect Ultra-Quiet Belt Drive Smart Garage Door Opener w/ LED lighting and Battery Backup + Aladdin, StealthDrive 750 Plus Model 7055, StealthDrive Connect Model 7155-TKV Smartphone-Controlled Ultra-Quiet Strong Belt Drive Garage Door Opener, Battery Backup - Compatible with Alexa & Google Assistant, SilentMax Connect Model 3053, Model 2128, Model 1128, Model 3120HL, Model 3120, Model 4164, Model 4124, Model 6170 & 6070, Wall Mount Smart Garage Door Opener- Direct Drive Side Mount with Wireless Wall Console, Battery Backup, and Wi-Fi, InfinityTM 2000 Garage Door Opener, Destiny® 1500 Garage Door Opener, Destiny® 1200 Garage Door Opener, Odyssey® 1000 Garage Door Opener, Legacy® 920 Garage Door Opener, Legacy® 850 Garage Door Opener, Legacy® 650 Belt Garage Door Opener, Aladdin Connect® Smartphone Enabled Garage Door Controller, and OHD Anywhere® Retrofit Kit.

(4)     Chamberlain contends that Overhead Door infringes, literally, and/or under doctrine of equivalents, directly and/or by inducement, claims 1, 2 and 4 of the '011 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the MachForce Connect Model 4063, QuietLift Connect 3⁄4 HPc Garage Door Opener- Wi-fi

Enabled Ultra Quiet Belt Drive - Works W/ Amazon Alexa and Google Home, 1¼ HP Quiet Belt Drive Garage Door Opener with LED, Battery Backup and Aladdin Connect, Chain Connect Model 2033, SilentMax LED Connect Ultra-Quiet Belt Drive Smart Garage Door Opener w/ LED lighting and Battery Backup + Aladdin, StealthDrive 750 Plus Model 7055, StealthDrive Connect Model 7155-TKV Smartphone-Controlled Ultra-Quiet Strong Belt Drive Garage Door Opener, Battery Backup - Compatible with Alexa & Google Assistant, SilentMax Connect Model 3053, Model 2128, Model 1128, Model 3120HL, Model 3120, Model 4164, Model 4124, Model 6170 & 6070, Wall Mount Smart Garage Door Opener- Direct Drive Side Mount with Wireless Wall Console, Battery Backup, and Wi-Fi, InfinityTM 2000 Garage Door Opener, Destiny® 1500 Garage Door Opener, Destiny® 1200 Garage Door Opener, Odyssey® 1000 Garage Door Opener, Legacy® 920 Garage Door Opener, Legacy® 850 Garage Door Opener, Legacy® 650 Belt Garage Door Opener, Aladdin Connect® Smartphone Enabled Garage Door Controller, and OHD Anywhere® Retrofit Kit.

(5)    Chamberlain contends that Overhead Door's infringement has been and continues to be willful.

(6)    Chamberlain contends that it holds all rights, titles and interests to the Asserted Patents and has standing to bring this suit.

(7)    Chamberlain contends that it is entitled to damages, including past damages in accordance with 35 U.S.C. § 287, for Overhead Door's infringement of the Patents-in-Suit.

(8)    Chamberlain contends that this is an exceptional case entitling it to expenses and costs (including all disbursements), as well as attorneys' fees under 35 U.S.C. § 285.

(9)    Chamberlain contends that the claims of the Patents-in-Suit are not invalid for any reason, including under Sections 101, 102, 103 and 112 of the Patent Act.

(10)    Chamberlain contends that the claims of the Patents-in-Suit are not unenforceable for any reason, including for inequitable conduct, estoppel, or any other legal or equitable theory asserted by Overhead Door.

(11)    Chamberlain contends that Overhead Door is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

(12)    Chamberlain contends that it is entitled to supplemental damages for the period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest.

(13)    Chamberlain contends that it is entitled to an injunction and/or an ongoing licensing fee for future infringement, and seeks all other equitable relief from the Court that is just and proper.

**2.      Contentions of Overhead Door:**

By providing these contentions, Overhead Door does not concede that all of these issues are appropriate for trial.  In addition, Overhead Door does not waive any of its motions *in limine*.

Overhead Door's contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and Overhead Door's pending and anticipated motions, including its motions for summary judgment, which are all incorporated by reference herein.  In sum, Overhead Door contends the following:

(1)    Overhead Door contends that Chamberlain cannot meet its burden of proving that Overhead Door directly infringes any valid claim of the Patents-in-Suit, either literally or by equivalents.  Overhead Door further contends that Chamberlain is precluded from asserting any asserted claim is infringed under the doctrine of equivalents due to its failure to timely disclose these theories pursuant to the Court's procedural schedule and the local Patent Rules, and because Chamberlain is estopped from asserting such theories due to prosecution history estoppel.

(2)     Overhead Door contends that Chamberlain cannot meet its burden of proving that Overhead Door indirectly infringed any valid claim of the Patents-in-Suit, including because Chamberlain cannot establish the requisite direct infringement.

(3)     Overhead Door contends that each of the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

(4)     Overhead Door contends that the '404 patent is unenforceable due to inequitable conduct.

(5)     Overhead Door contends that Chamberlain is not entitled to an injunction, or any relief whatsoever.

(6)     Overhead Door contends that Chamberlain is not entitled to any damages award, under any theory including a reasonable royalty theory or lost profits.

(7)     Overhead Door contends that Chamberlain failed to properly mark commercial embodiments of the Patents-in-Suit; therefore any damages claim is limited under 35 U.S.C. § 287.

(8)     Overhead Door contends that Chamberlain cannot meet its burden of proving that Overhead Door willfully infringed any valid claim of the Patents-in-Suit, including because Chamberlain has failed to present any evidence of willful misconduct by Defendants.

(9)     Overhead Door contends that it is entitled to an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285, particularly in view of Chamberlain's deficient infringement contentions, continued failure to abide by the Court's procedural schedule and Discovery Order, and bad faith discovery conduct in this case.

## E.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontested facts.

**1.      Stipulations related to evidence precluded from trial:**

(1)      The parties have agreed to certain motions *in limine*.  Dkt. 293.  The parties also agree to the following on an *in limine* basis:

(2)      No argument, evidence, testimony evidence, or reference regarding Chamberlain's corporate structure, Blackstone, or its purchase by Blackstone.

(3)      Preclude any argument, testimony, or evidence that Defendants are owned by a foreign/Japanese parent corporation.

**2.      Stipulations related to case management:**

(1)      The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(2)      Each party shall provide by no later than 7:00 p.m. CT each day a list of direct exhibits and a copy of all demonstratives they plan to use the following day in the direct examination of a witness.[2]  The receiving party shall provide objections to such demonstratives by 8:30 p.m. CT.  Any objections shall be discussed and presented to the Court in the manner set forth in Paragraph 11.  The term "demonstrative" includes power-points, graphics and animation demonstratives.  Demonstratives does not include blowouts, highlighting, or excerpts from exhibits otherwise identified for that witness or for opening statements.  Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

(3)      The parties will identify witnesses to be called live or by deposition, and the order of call, by 7:00 p.m. two calendar days prior to the date that the party intends to call such witness.

---

[2] This paragraph applies to a party's cross-examination of witnesses called adverse in the other side's case-in-chief, but does not apply to direct examination of adverse witnesses.

Any objections to witnesses shall be provided by 8:00 p.m. the same day.  Any objections shall be discussed and presented to the Court in the manner set forth in Paragraph 11.

(4)     For each witness who a party intends to call by deposition, the party shall, by 2:00 p.m. two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played and the order in which each designation will be played.  The receiving party shall, by 7:00 p.m. the same day, identify any previously-designated counter-designations to be read or played.  The parties shall, by 8:00 pm. the same day, identify any objections to the designations or exhibits sought to be used with the witness.  Deposition designations shall be identified by page:line number and shall be accompanied by a highlighted transcript.  No objections, preambles, or exchanges between counsel will be played or read.  Any objections shall be discussed and presented to the Court in the manner set forth in Paragraph 11.

(5)     If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together. Each party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial.  Deposition counter-designations will be counted against the designator's time.  The time allotted by the Court for each side's presentation shall be reduced by the length of its respective designations.  Deposition video clips shall be provided by the offering party to the opposing party no later than 2:00 pm the day before the deposition video clips are intended to be presented at trial.  The offering party shall be responsible for including affirmatively designated testimony and counter-designated testimony in the video clip.

(6)     The parties agree to exchange a list of exhibits and electronic copies of any opening demonstratives by 2:00 p.m. CT on Sunday, March 6, 2021, with objections by 6:00 p.m. CT the

same day.  The parties agree to meet and confer at 8:00 pm CT to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements  or objections can be resolved by the Court.  The same dispute briefing procedure set forth in Paragraph 11 shall then be used by the parties.  To be clear, the parties agree they are not required to exchange any list of exhibits or demonstratives to be used during closing statements or cross-examination.

(7)     The daily dispute procedure will be handled as follows. All aforementioned objections shall be handled at a daily meet and confer set for 9:00 pm.  After the 9:00 pm meet and confer about disputed issues, by 9:45 pm the parties will exchange succinct, single paragraph written arguments of remaining disputes for inclusion in the 10:00 pm (or whatever time the Court sets) email to the Court using the following format:

1.     <u>Witness A deposition designations pp. #-#</u>.

Chamberlain's [or Overhead Door's] objection:

Overhead Door's [or Chamberlain's] response:

2.     <u>Witness B Demonstrative, slide #</u>.

Chamberlain's [or Overhead Door's] objection:

Overhead Door's [or Chamberlain's] response:

3.     <u>Exhibit X, p. #</u>.

Chamberlain's [or Overhead Door's] objection:

Overhead Door's [or Chamberlain's] response:

During its case-in-chief, Chamberlain will be responsible for sending the 10:00 pm (or whatever time the Court sets) email of disputed issues and arguments and for preparing and delivering to the Court by 7:00 am five sets of 3-ring binders containing the disputed

demonstratives/exhibits/designations and the parties' arguments.   During its case-in-chief, Overhead Door will be responsible for sending the 10:00 pm (or whatever time the Court sets) email of disputed issues and arguments and for preparing and delivering to the Court by 7:00 am five sets of 3-ring binders containing the disputed demonstratives/exhibits/designations and the parties' arguments.

(8)     Chamberlain will deliver to the Court before jury selection twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the Asserted Patents), a legal pad, a non-clicking pen, and a highlighter, with the exception of the witness sheets. The witness sheets for a witness will be inserted in the notebook the morning of the witness's testimony by the court staff.

(9)     The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

**3.     Uncontested Facts:**

(1)     The '404 patent was filed on March 24, 2009. The '404 patent issued November 19, 2013. The effective filing date of the '404 patent is March 24, 2009.

(2)     The '416 patent was filed on March 24, 2014, as a continuation of a family of patents that begins with application No. 13/671,601, filed on November 8, 2012, now U.S. Patent No. 9,122,254. The '416 patent issued May 9, 2017.  The '416 patent has an effective filing date of November 8, 2012.

(3)     The '212 patent was filed on May 5, 2009. It claims priority as a continuation application to application No. 11/044,028, filed on January 28, 2005, now U.S. Patent No. 7,482,923. The '212 patent issued on December 10, 2010. The '212 patent has an effective filing date of May 5, 2009.

(4)     The '011 patent was filed on December 14, 2010. It claims priority as a continuation application to application No. 11/044,928, filed on January 28, 2005, now U.S. Patent No. 7,482,923. The '011 patent issued on March 27, 2012. The '011 patent has an effective filing date of May 5, 2009.

(5)     Chamberlain is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business at 300 Windsor Drive, Oak Brook, Illinois 60523.

(6)     Overhead Door is a corporation incorporated under the laws of the State of Indiana, with its principal place of business at 2501 South State Highway 121, Suite 200, Lewisville, Texas 75067.

(7)     Defendant GMI, doing business as The Genie Company, Genie Company, and/or Genie, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at One Door Drive, Mount Hope, OH 44660.

## F.     CONTESTED ISSUES OF FACT AND LAW

### 1.     Chamberlain's Statement Regarding Issues to be Decided by the Jury

By providing this Statement, Chamberlain does not concede that all of these issues are appropriate for trial. In addition, Chamberlain does not waive any of its pending motions.

(1)     Whether Chamberlain has shown by a preponderance of the evidence that Overhead Door has infringed claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and 20 of the '404 patent.

(2)     Whether Chamberlain has shown by a preponderance of the evidence that Overhead Door has infringed claims 1-14 of the '416 patent.

(3)     Whether Chamberlain has shown by a preponderance of the evidence that Overhead Door has infringed claims 1, 2, 15, 16, and 19 of the '212 patent.

(4)     Whether Chamberlain has shown by a preponderance of the evidence that Overhead Door has infringed claims 1, 2, and 4 of the '011 patent.

(5)     Whether Chamberlain is entitled to the damages sought for Overhead Door's alleged patent infringement, including for supplemental damages post-verdict and pre- and post-judgment interest.

(6)     Whether Chamberlain has shown by a preponderance of the evidence that Overhead Door's infringement of the Patents-in-Suit was and continues to be willful.

**2.     Overhead Door's Statement Regarding Issues to be Decided by the Jury[3]**

By providing this Statement, Overhead Door does not concede that all of these issues are appropriate for trial. In addition, Overhead Door does not waive any of its pending motions.

(1)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door has directly infringed claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and/or 20 of the '404 patent.

(2)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door induced infringement of claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and/or 20 of the '404 patent.

(3)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door has directly infringed claims  1-14 of the '416 patent.

(4)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door induced infringement of claims 1-14 of the '416 patent.

(5)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door has directly infringed claims 1, 2, 15, 16, and/or 19 of the '212 patent.

(6)     Whether Chamberlain has shown by a preponderance of evidence that Overhead Door induced infringement of claims 1, 2, 15, 16, and/or 19 of the '212 patent.

---

[3] Chamberlain objects to Overhead Door's Statements Regarding Issues to be Decided by the Jury to the extent they include defenses or issues not asserted by Overhead Door or included in their expert reports.

(7)      Whether Chamberlain has shown by a preponderance of evidence that Overhead Door has directly infringed claims 1, 2, and/or 4 of the '011 patent.

(8)      Whether Chamberlain has shown by a preponderance of evidence that Overhead Door induced infringement of claims 1, 2, and/or 4 of the '011 patent.

(9)      Whether Chamberlain has met its burden of production to show that the claimed inventions of the '404 patent Asserted Claims are entitled to a June 7, 2007 priority date, rather than the March 24, 2009 effective filing date.[4]

(10)     Whether Overhead Door has shown by clear and convincing evidence that any of claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and 20 of the '404 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

(11)     Whether Overhead Door has shown by clear and convincing evidence that any of claims 1-14 of the '416 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

(12)     Whether Overhead Door has shown by clear and convincing evidence that any of claims 1, 2, 15, 16, and/or 19 of the '212 patent are under 35 U.S.C. §§ 101, 102, 103, and/or 112.

(13)     Whether Overhead Door has shown by clear and convincing evidence that any of claims 1, 2, and/or 4 of the '011 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

---

[4] Chamberlain objects to this statement, as it is not an accurate reflection of the law.  Rather, the issue should be "Whether Chamberlain has offered evidence to show that the claimed inventions of the '404 patent Asserted Claims were invented before the publication of Overhead Door's asserted prior art, rather than the March 24, 2009 effective filing date and, if so, whether Overhead Door has proven by clear and convincing evidence that the claimed inventions were not invented prior to March 24, 2009."  *See, e.g., Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 967 (Fed. Cir. 2014) ("While defendants bear the burden of persuasion to show that the Brandt references are prior art to the '404 patent by clear and convincing evidence, the patentee nevertheless must meet its burden of production to demonstrate an earlier conception date."); *see also EMC Corp. v. Pure Storage, Inc.*, 204 F. Supp. 3d 749, 759 (D. Del. 2016).

(14)     Whether Overhead Door has shown by clear and convincing evidence that the '404 patent is unenforceable due to inequitable conduct.

(15)     If Overhead Door is found to have infringed any valid / enforceable claim of the '404 patent, whether Chamberlain is entitled to a reasonable royalty under U.S.C. § 284 for infringement of the '404 patent and, if proven, and the total amount of such royalty.

(16)     If Overhead Door is found to have infringed any valid / enforceable claim of the '416 patent, whether Chamberlain is entitled to a reasonable royalty under U.S.C. § 284 for infringement of the '416  patent and, if proven, and the total amount of such royalty.

(17)     If Overhead Door is found to have infringed any valid / enforceable claim of the '011 patent, whether Chamberlain is entitled to a reasonable royalty under U.S.C. § 284 for infringement of the '011  patent and, if proven, and the total amount of such royalty.

(18)     If Overhead Door is found to have infringed any valid / enforceable claim of the '212 patent, whether Chamberlain is entitled to a reasonable royalty under U.S.C. § 284 for infringement of the '212  patent and, if proven, and the total amount of such royalty.

(19)     Overhead Door is found to have infringed any valid / enforceable claim of the '404 patent, whether Chamberlain is entitled to lost profits for infringement of the '404 patent and, if proven, and the total amount of such lost profits.

(20)     If Overhead Door is found to have infringed any valid / enforceable claim of the '404 patent, whether Chamberlain is entitled to pre-suit damages for any purported infringement, including whether Chamberlain has shown by a preponderance of evidence that it complied with the notice requirements of 35 U.S.C. § 287 with respect to the '404 patent.

(21)     If Overhead Door is found to have infringed any valid / enforceable claim of the '011 patent, whether Chamberlain is entitled to pre-suit damages for any purported infringement,

including whether Chamberlain has shown by a preponderance of evidence that it complied with the notice requirements of 35 U.S.C. § 287 with respect to the '011 patent.

(22)    Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Overhead Door is entitled to attorneys' fees or costs (including all disbursements).

### 3.    Chamberlain's Statement Regarding Issues to be Decided by the Court

(1)    If Overhead Door's infringement is found to be willful, whether Chamberlain is entitled to enhanced damages as a result.

(2)    Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Chamberlain is entitled to attorneys' fees or costs (including all disbursements).

(3)    Whether Chamberlain is entitled to a judgment and order enjoining Overhead Door from future infringement and/or requiring that Overhead Door pay Chamberlain ongoing licensing fees.

### 4.    Overhead Door's Statement Regarding Issues to be Decided by the Court

(1)    Whether Overhead Door has shown by clear and convincing evidence that any of claims 4, 6, 7, 8, 9, 11, 16, 17, 18, 19 and 20 of the '404 patent are invalid under 35 U.S.C. § 101.[5]

(2)    Whether Overhead Door has shown by clear and convincing evidence that any of claims 1, 2, 15, 16, and/or 19 of the '212 patent are under invalid 35 U.S.C. § 101.

(3)    Whether Overhead Door has shown by clear and convincing evidence that any of claims 1, 2, and/or 4 of the '011 patent are invalid under 35 U.S.C. § 101.

(4)    Whether Overhead Door has shown by clear and convincing evidence that the '404 patent is unenforceable due to inequitable conduct.

---

[5] To the extent that the Court does not grant Defendants' motions for summary judgment of invalidity under 35 U.S.C. § 101, Defendants contend that the issue of whether the Asserted Claims involve only the performance of well-understood, routine, and conventional activities previously known to the industry as of the effective filing date of the patent should be decided by the jury.

(5)     Whether, even if infringement of any of the Patents-in-Suit is found, Chamberlain's proposed damages award is excessive and unsupportable.

(6)     Whether, even if infringement of any of the Patents-in-Suit is found, Chamberlain is entitled to injunctive relief.

(7)     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Overhead Door is entitled to attorneys' fees or costs (including all disbursements).

## G.     LIST OF WITNESSES

### 1.     For Chamberlain:

Chamberlain's witness list and deposition designations are attached hereto as Exhibits A and B, respectively.

### 2.     For Overhead Door:

Overhead Door's witness list and deposition designations are attached as Exhibits D and B, respectively.

## H.     LIST OF EXHIBITS

### 1.     For Chamberlain:

Chamberlain's trial exhibit list is attached as Exhibit C.

### 2.     For Overhead Door:

Overhead Door's trial exhibit list is attached as Exhibit D.

## I.     LIST OF PENDING MOTIONS

| Date | Dkt. | Party | Motion |
|------|------|-------|--------|
| 8/16/2021 | 63 | Overhead Door | Motion for Partial Judgment on the Pleadings of Invalidity of the '212 and '011 Patents Under 35 U.S.C. 101 |
| 8/18/2021 | 65 | Overhead Door | Motion for Leave to Amend Answer To Add Inequitable Conduct Defense |
| 11/3/2021 | 115 | Overhead Door | Motion for Partial Judgment on the Pleadings of Invalidity of the '404 Patent Under 35 U.S.C. 101 |

| Date | Dkt. | Party | Motion |
|------|------|-------|--------|
| 11/18/2021 | 126 | Overhead Door | Motion to Strike Untimely Damages Related Evidence and Expert Opinions |
| 12/8/2021 | 150 | Overhead Door | Motion to Strike Untimely Doctrine of Equivalents Theories |
| 12/8/2021 | 155 | Overhead Door | Motion to Strike Expert Opinions on Manufacturing Capacity |
| 12/8/2021 | 157 | Overhead Door | Motion for Summary Judgment of Invalidity of the '404 Patent Under 35 U.S.C. 101 |
| 12/9/2021 | 160 | Overhead Door | Motion for Summary Judgment of Invalidity of the '212 and '011 Patents Under 35 U.S.C. 101 |
| 12/9/2021 | 163 | Chamberlain | Motion to Strike Portions of Defendants' Expert Report Regarding Certain Opinions on Non-Infringement of U.S. Patent Nos. 7,852,212 and 8,144,011 |
| 12/9/2021 | 164 | Overhead Door | Motion for Summary Judgment of Non-Infringement of the '404 Patent |
| 12/9/2021 | 167 | Chamberlain | Motion to Strike Portions of Defendants Expert Reports Regarding Undisclosed Non-Infringing Alternative Evidence and Theories |
| 12/9/2021 | 168 | Overhead Door | Motion for Summary Judgment of Non-Infringement of the '212 Patent |
| 12/9/2021 | 171 | Overhead Door | Motion for Summary Judgment of No Pre-Suit Damages for the '404 and '011 Patents |
| 12/9/2021 | 173 | Chamberlain | Motion for Partial Summary Judgment of No Inequitable Conduct |
| 12/9/2021 | 174 | Chamberlain | Motion for Partial Summary Judgment of No Invalidity Based on UL 325 |
| 12/9/2021 | 175 | Chamberlain | Motion for Partial Summary Judgment of No Invalidity Under 35 USC 102f |
| 12/9/2021 | 177 | Chamberlain | Motion to Strike and/or Exclude the Expert Testimony of Kevin Almeroth |
| 1/18/2022 | 295 | Overhead Door | Defendants Opposed Motions *in Limine* |
| 1/18/2022 | 296 | Chamberlain | Chamberlain's Opposed Motions *in Limine* |

## J.      PROBABLE LENGTH OF TRIAL

The parties seek 30 minutes for opening statements and 40 minutes for closing statements, for each side. The parties further estimate the probable length of the jury trial is 24 hours (exclusive of voir dire, opening, and closing), with 12 hours for each side.

## K.      MANAGEMENT CONFERENCE LIMITATIONS

None.

21

**L.      CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)      Each exhibit in the List of Exhibits herein:

    (a)      is in existence;

    (b)      is numbered; and

    (c)      has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Date:   January 31, 2022

Respectfully   submitted,

By:      */s/ Benjamin C. Elacqua*
Ruffin Cordell
cordell@fr.com
Texas Bar Number 04820550
Daniel Gopenko
Virginia Bar Number 83932
gopenko@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com

**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Jared A. Smith *(Pro Hac Vice)*
California Bar Number 306576
jasmith@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Scott M. Flanz (*Pro Hac Vice*)
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

**COUNSEL FOR PLAINTIFF**
**THE CHAMBERLAIN GROUP LLC**

*/s/ David C. Callahan*
David K. Callahan
IL Bar No. 6206671
Kenneth G. Schuler
IL Bar No. 6226036
Marc N. Zubick
IL Bar No. 6308239
Raj Patel
IL Bar No. 6321274
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
kenneth.schuler@lw.com
david.callahan@lw.com
marc.zubick@lw.com
raj.patel@lw.com

S. Giri Pathmanaban
TX Bar No. 24074865
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
giri.pathmanaban@lw.com

Susan Y. Tull
D.C. Bar No. 992644
Gabriel K. Bell
D.C. Bar No. 987112
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
susan.tull@lw.com
gabriel.bell@lw.com

Bradley A. Hyde
CA Bar No. 301145
**LATHAM & WATKINS LLP**
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92843
Telephone: (714) 755-8041
Fax: (714) 755-8290
bradley.hyde@lw.com

Stephen A. Maniscalco
NY Bar No. 5387063
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
stephen.maniscalco@lw.com

Michael C. Smith
TX Bar No. 18650410
**SCHEEF & STONE, LLP**
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Scott W. Breedlove
TX Bar No. 00790361
Nathan Cox
TX Bar No. 24105751
**CARTER ARNETT PLLC**
8150 N. Central Expy, 5th Floor
Dallas, TX 75206
Telephone (214) 550-8188
Fax: (214) 550-8185
sbreedlove@carterarnett.com
ncox@carterarnett.com

**ATTORNEYS   FOR   DEFENDANTS
OVERHEAD   DOOR   CORPORATION
AND GMI HOLDINGS INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via email on this 31st day of January, 2022.

/s/ Benjamin C. Elacqua
Benjamin C. Elacqua

## CERTIFICATE OF AUTHORIZATION TO SEAL

Per CV-5(a)(7)(B), the court already has granted authorization to seal confidential documents, and Chamberlain is filing under seal pursuant to the protective order entered in the case.

/s/ Benjamin C. Elacqua
Benjamin C. Elacqua

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties met and conferred throughout January are in agreement with the content of this Joint Final Pretrial Order.

/s/ Benjamin C. Elacqua
Benjamin C. Elacqua