# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br>    *Plaintiff*,<br>  v.<br><br>OVERHEAD DOOR CORPORATION and GMI HOLDINGS INC.,<br><br>    *Defendants*. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

## AMENDED DOCKET CONTROL ORDER

The Court, having reviewed the Joint Motion to Amend Docket Control Oder is of the opinion that the motion should be **GRANTED**. The Court enters the Parties' Amended Docket Control order as follows:

| Event | Original Date | Amended Date |
|---|---|---|
| Deadline to File Federal Rule of Civil Procedure 50(b) Renewed Judgments as a Matter of Law | No fewer than 28 days following the entry of judgment on all claims[1] | No change |
| *Jury Selection – 9:00 a.m. in Marshall, Texas. | Monday, September 12, 2022 | No change |
| *If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[1] | Monday, August 29, 2022 | Monday, August 15, 2022 |
| *Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap | Monday, August 29 2022 | No change |

---

[1] For clarity, this deadline applies to all asserted claims and issues, including those relating to the '416 patent.

| Event | Original Date | Amended Date |
|---|---|---|
| *Notify Court of Agreements Reached During Meet and Confer The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. | Wednesday, August 24, 2022 | No change |
| *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions in Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations | Monday, August 22, 2022 | No change |
| *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov | Monday, August 8, 2022 | No change |
| File Motions *in Limine*<br><br>The parties shall limit their motions i*n limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. | Monday, August 8, 2022 | No change |
| Serve Objections to Rebuttal Pretrial Disclosures | Monday, August 8, 2022 | No change |
| Serve Objections to Pretrial Disclosures | Monday, August 8, 2022 | No change |
| Serve Rebuttal Pretrial Disclosures | Wednesday, August 3, 2022 | No change |

| Event | Original Date | Amended Date |
|---|---|---|
| Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) | Monday, August 1, 2022 | No change |
| *Response to Dispositive Motions and Motions to Strike (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.2 Motions for Summary Judgment shall comply with Local Rule CV-56. | Wednesday, July 27, 2022 | No change |
| *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. | Wednesday, July 13, 2022 | No change |
| *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.<br><br>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties. | Wednesday, July 13, 2022 | No change |
| Deadline to Complete Expert Discovery | Friday, July 8, 2022 | Monday, July 11, 2022 |

3

| Event | Original Date | Amended Date |
|---|---|---|
| Serve Disclosures for Rebuttal Expert Witnesses | Monday, June 27, 2022 | Wednesday, July 6, 2022 |
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | Wednesday, June 15, 2022 | Wednesday, June 22, 2022 |
| Deadline to Complete Fact Discovery and File Motions to Compel Discovery | Monday, June 13, 2022 | Monday, June 20, 2022 |

(\*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed. All documents shall be single-sided and must include the CM/ECF header. These copies shall be delivered to the Court within three (3) business days after briefing has completed. For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court. Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(l), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.

**Motions for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**So ORDERED and SIGNED this 7th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE