# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br>    Plaintiff,<br><br> v.<br><br>OVERHEAD DOOR CORPORATION and<br>GMI HOLDINGS INC.,<br><br>    Defendants. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S PARTIALLY OPPOSED MOTION FOR LEAVE TO AMEND
ITS P.R. 3-1 AND P.R. 3-2 PATENT INITIAL DISCLOSURES UNDER P.R. 3-6(b)**

I. **INTRODUCTION**

Plaintiff The Chamberlain Group, LLC ("Chamberlain" or "Plaintiff") moves for leave to amend its P.R. 3-1 and 3-2 Patent Initial Disclosures for U.S. Patent No. 8,587,404 (the "'404 patent"), already served on Defendants Overhead Door Corporation and GMI Holdings Inc. (collectively, "Overhead Door" or "Defendants") on May 29, 2022. *See* Quisenberry Decl., Ex. 1 (Ltr. fr. Gopenko to Hyde, May 29, 2022). Specifically, Chamberlain seeks leave to supplement: (1) its P.R. 3-1(f) Practicing Products Disclosure, (2) its P.R. 3-1(e) and 3-2(b) Conception Disclosure, and (3) its P.R. 3-1 Infringement Contentions, to address certain products and arguments following the Court's Order finding that a new trial is warranted on all issues related to the '404 patent. *See* Dkt. 386.

Counsel for the parties conferred, and Defendants oppose only the request to supplement infringement contentions to the extent that the supplemental contentions accuse the Aladdin Connect System (i.e., an Aladdin Connect retrofit kit paired with a non-WiFi garage door opener ("GDO")). Defendants do not oppose Chamberlain's motion for leave to supplement its practicing products disclosure, conception disclosure, or the infringement contentions relating to the "combo" board and two-board accused WiFi-integrated GDO products. Because those portions of the motion are unopposed, they should be summarily granted.

As to the infringement contention against the Aladdin Connect System, the theory of infringement is materially the same as for the accused WiFi-integrated GDO products, and so the relief requested will not affect any deadlines in this case. For example, in his June 2, 2022 deposition, Overhead Door's Mr. Krupke explained that "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Ex. 2 (Krupke Dep. at 33:22-25, June 2, 2022). Further, Mr. Krupke testified that "███████████████

1

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████" *Id.* at 36:11-18.

Chamberlain will be prejudiced if it is not able to articulate an infringement theory against the Aladdin Connect System, particularly given Overhead Door's latest admissions about the operation of that product and the likelihood that Overhead Door will again try to confuse the jury if integrated-DCM products are accused while external-DCM products are not accused.

## II.   FACTUAL BACKGROUND

On March 10, 2021, Chamberlain commenced this patent infringement action asserting four of Chamberlain's patents, including the '404 patent, against Defendants. Dkt. No. 1. During the ensuing year of litigation, Defendants staked out a noninfringement defense based on the physical implementation of its accused products—whether the logic was implemented on two circuit boards or on a single board. Dkt. No. 386 at 11-14. On the literal eve of trial, Defendants made an eleventh-hour disclosure of a product implementation on a single "combo" board. *Id.* at 12. Defendants' failure to disclose the "combo" board products hindered Chamberlain's case as to the '404 patent, and in light of such prejudice the Court found that a new trial is warranted on all issues related to the '404 patent. Dkt. No. 386 at 11-15.

Pursuant to the Court's Order, the parties negotiated a new schedule and have engaged in supplemental discovery relating to the '404 patent. *E.g.*, Dkt. Nos. 394, 400. As part of the ordered new trial on all issues relating to the '404 patent, Chamberlain respectfully requests leave to supplement its P.R. 3-1 and P.R. 3-2 Patent Initial Disclosures as to each of following categories:

a) **Undisputed by Defendants**: P.R. 3-1(f) Practicing Products Disclosure, to include new Chamberlain products, Quisenberry Decl., Ex. 3 (Chamberlain's Practicing Products Disclosure for the '404 patent)

b) **Undisputed by Defendants**: P.R. 3-1(e) and 3-2(b) Conception Disclosure, to provide a claim chart supporting the 2007 reduction to practice of the invention by Mr. Laird, Quisenberry Decl., Ex. 4 (Chamberlain's Supplemental '404 Patent Conception Disclosures); and

c) **Disputed-in-part by Defendants**: P.R. 3-1 Infringement Contentions, to provide supplemental contentions for the WiFi-integrated GDO products including the "combo" board products and the two-board products (undisputed), as well as the Aladdin Connect System (disputed), Quisenberry Decl., Ex. 5 (Chamberlain's Supplemental '404 Patent Infringement Chart)

### III. LEGAL STANDARD

"Local Patent Rule 3-6[b] recognizes that throughout litigation, the scope of a patent infringement case may alter as a case proceeds to trial, necessitating an amendment to infringement . . . contentions." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc*., 2019 WL 1370858, at *3 (E.D. Tex. Mar. 26, 2019). Amendment under P.R. 3-6(b) requires "a showing of good cause," which considers four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Intell. Ventures II LLC v. FedEx Corp*., No. 2:16-cv980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (citation omitted).

### IV. ARGUMENT

Good cause supports Chamberlain's requested leave under P.R. 3-6(b). First, Chamberlain was diligent in serving its amended contentions, doing so within one month of Defendants' source code and document production deadlines. Further, although Chamberlain had requested an early deposition of Defendants pursuant to Rule 30(b)(6) on the limited issue of the new source code

3

production, Defendants refused to offer a witness until June 2022.  Second, the contested amendment to add infringement contentions against the Aladdin Connect System is important because Defendants now admit that, as it relates to the inventions of the '404 patent, the operation of the integrated-WiFi GDOs is materially the same as the operation of the Aladdin Connect System.  Defendants first tried to use that admission during the original trial to confuse the jury, and they are likely to do so again if the proposed amendment is not allowed.  Third, there is no prejudice in allowing this narrow amendment because the theory of infringement is materially the same between all accused products.  Finally, the relief requested will not affect any deadlines in this case, particularly in view of Defendants' admissions about the similarities in the operation of all accused products, as well as Defendants' identification of the same noninfringement theories for all accused products.  Quisenberry Decl., Ex. 6 (Defs.' Fourth Supp. Resp. to Pl.'s Common Interrog. No. 5, May 9, 2022); Quisenberry Decl., Ex. 7 (Defs.' Resp. to Pl.'s Interrog. No. 3, May 19, 2022).  The Court should grant Chamberlain's motion for leave in full.

        **A.**        **Chamberlain Was Diligent in Serving Its Amendment**

Chamberlain has been diligent with both pursuing discovery relating to the Aladdin Connect System and serving its supplemental infringement contentions.  The agreed Docket Control Order for re-opened discovery set the deadlines for Overhead Door's substantial completion of source code production for April 18, 2022, and substantial completion of document production for April 29, 2022.  Dkt. No. 394.  In April, as part of the parties' discussions about accused products, Chamberlain informed Defendants that it was analyzing their newly-produced discovery to determine whether it would accuse the Aladdin Connect System.  In May, Chamberlain informed Defendants that the Aladdin Connect System is an accused product and that it would supplement its infringement contentions accordingly.  *E.g.*, Quisenberry Decl., Ex. 8 (Ltr. fr. Quisenberry to Hyde, May 3, 2022).

Inspection of the source code produced by Defendants in April 2022 revealed new source code for the "combo" board products as well as the Aladdin Connect retrofit kit. Quisenberry Decl., ¶ 10. On May 3, 2022, to expedite analysis of this new source code, Chamberlain served a Rule 30(b)(6) deposition notice on Defendants with just two topics related to the operation, structure, content, and organization of Defendants' source code for the accused products. Quisenberry Decl., Ex. 9 (Pl.'s First Notice of 30(b)(6) Deposition to Defendants, May 3, 2022). Chamberlain requested this source code deposition to take place earlier in the discovery process, noticing this deposition for May 17, 2022. *Id.* Following up on this notice during the parties' meet and confers, as well as in writing on May 10, 2022, Chamberlain explained that "it is necessary for Chamberlain to take this deposition now so that [it] can supplement infringement contentions, as needed, and otherwise prepare [its] infringement case." Quisenberry Decl., Ex. 10 (Email fr. Quisenberry to Hyde, May 10, 2022). Despite Chamberlain's requests, Defendants did not offer their Rule 30(b)(6) source code witness until June 8, 2022, due to Mr. Rauscher's "vacation and other work obligations." Quisenberry Decl., Ex. 11 (Email fr. Hyde to Quisenberry, May 23, 2022).[1]

Notwithstanding, Chamberlain worked diligently to supplement its contentions without the benefit of the requested deposition, and did so within a month of Defendants' supplemental document production deadline. *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-cv980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (finding that plaintiff's "effort to amend within a

---

[1] As an additional example, Chamberlain's preparation of the supplemental contentions was delayed by more than a week waiting to receive printed copies of the source code identified in Defendants' May 9, 2022 Supplemental Interrogatory Responses. Quisenberry Decl., Ex. 6 (Defs.' Fourth Supp. Resp. to Pl.'s Common Interrog. No. 5, May 9, 2022); Quisenberry Decl., Ex. 14 (Ltr. fr. Boyle to Gopenko, May 19, 2022).

month of Defendants' August 11 production was diligent"). This factor weighs in favor of granting leave to amend.

### B. Chamberlain's Proposed Amendment Is Important

Defendants' Aladdin Connect System infringes the '404 patent. If not allowed to amend its contentions, Chamberlain will suffer a similar undue prejudice as it did during the original trial. Notably, although the relative sales of the Aladdin Connect retrofit kit are less than the WiFi-integrated GDOs, the admitted similarity in the infringing operation of these products as it relates to the claims of the '404 patent necessitates the requested supplement. Otherwise, Defendants will again try to exploit a different treatment of these product to confuse the jury.

First, as it relates to the claimed inventions of the '404 patent, it is undisputed that the Aladdin Connect System operates materially the same as the originally accused WiFi-integrated GDO products. Defendants do not dispute that the Aladdin Connect retrofit kit is intended to be paired with a non-WiFi GDO to form the Aladdin Connect System. Quisenberry Decl., Ex. 12 at 90:20-22 (Buescher Dep., June 3, 2022) (confirming "█████"); *id.* at 92:2-4 (confirming "█████"); *id.* at 92:11-21 (referring to "█████"). Defendants also acknowledged that the accused WiFi-integrated GDO products simply "█████" that was first implemented in the Aladdin Connect product, "█████" in the WiFi-integrated products. Quisenberry Decl., Ex. 2 at 33:22-25 (Krupke Dep., June 2, 2022); *id.* at 36:11-18 (confirming "█████"). Indeed, Mr. Krupke could not "█████

6

███████████████████████████████████████████████" *Id.* at 39:11-15.

Second, during the original trial, Defendants incorrectly insinuated that Chamberlain did not previously accuse the external-DCM products because Chamberlain could not.  This line of questioning was intended to confuse the jury on the issue of infringement by suggesting that the WiFi-integrated products could not infringe if the external-DCM products were not accused of infringement given the similarity in operation between these products:



7



Quisenberry Decl., Ex. 13 at 36:2-40:15 (Trial Tr. vol. 3). Further, Defendants continued to confuse the issue of noninfringement by repeating it in their examination of other witnesses. *E.g.*, *Id.* at 231:23-232:1 (Trial Testimony of [Mr. Thomas Britven]) (repeating that " ▇▇▇ "). Notably, Overhead Door does not identify the Aladdin Connect System as a noninfrining alternative. If Chamberlain is not allowed to amend its infringement contentions to add the Aladdin Connect System, then Chamberlain expects that Defendants will again try to twist their silence to confuse the jury. This would be particularly prejudicial where Chamberlain does have the opinion that the Aladdin Connect System infringes the '404 patent.

Finally, granting this amendment would allow Chamberlain to seek damages for the Aladdin Connect System that infringes the '404 patent in ways that are almost identical to the originally accused products already in the case.

This factor also weighs in favor of granting Chamberlain's leave to amend.

8

### C. Defendants Will Not Suffer Undue Prejudice

The third factor—prejudice from the amendment—likewise weighs in Chamberlain's favor. Chamberlain's infringement theories against the Aladdin Connect System are substantially similar to the infringement theories against the accused WiFi-integrated GDO products already in the case—and Overhead Door's noninfringement defenses are also substantially similar for the integrated-WiFi GDOs and the Aladdin Connect System. This is not surprising given Defendants acknowledge that the Aladdin Connect System operates in materially the same way as the WiFi-integrated GDO products. *See* Section IV.B.

After discovery re-opened as to all issues relating to the '404 patent, Chamberlain diligently informed Defendants that it is pursuing discovery relating specifically to the Aladdin Connect System. *E.g.*, Quisenberry Decl., Ex. 8 (Ltr. fr. Quisenberry to Hyde, May 3, 2022). There was never a question about how Chamberlain's infringement theories would apply to the Aladdin Connect System, because all parties understood that the products functioned in materially the same manner. On May 29, 2022, Chamberlain served its supplemental infringement contentions. Quisenberry Decl., Ex. 1 (Ltr. fr. Gopenko to Hyde, May 29, 2022). Thus, at worst, Defendants have nearly two months before the close of discovery (Dkt. No. 400) to fine-tune their noninfringement theories, to the extent they feel it necessary.

In sum, Chamberlain's requested amendment should neither surprise nor prejudice Defendants. Accordingly, this factor also weighs in favor of granting Chamberlain leave to amend.

### D. No Continuance Is Necessary

Last, no continuance is necessary because Defendants will not suffer any prejudice from Chamberlain's amendment under the current case schedule. Chamberlain served its amendment on May 29, 2022, more than seven weeks before the close of discovery, Dkt. No. 400, and more

than 3.5 months before the scheduled trial date, *id*. Chamberlain's requested relief will therefore not affect any deadlines in this case.

Further, Defendants are familiar with the Aladdin Connect System (which was previously accused of infringing a different patent) and admit that it operates in materially the same way as it relates to the functionality of the '404 patent. Defendants already identified the same noninfringement theories as equally applicable to all accused products. No continuance is therefore necessary to address Chamberlain's proposed supplement concerning the Aladdin Connect System.

Accordingly, this factor—like every each of the others—weighs in Chamberlain's favor.

## V.  CONCLUSION

Each of the four factors governing a "good cause" analysis favors granting Chamberlain's Partially Opposed Motion For Leave to Amend its P.R. 3-1 and P.R. 3-2 Patent Initial Disclosures. Chamberlain respectfully requests that the Court grant Chamberlain's request for leave in full.

Date: June 7, 2022

Respectfully submitted,

By: */s/ Kathryn Quisenberry*
Ruffin Cordell
cordell@fr.com
Texas Bar Number 04820550
Daniel Gopenko
Virginia Bar Number 83932
gopenko@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639

quisenberry@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Jared A. Smith *(Pro Hac Pending)*
California Bar Number 306576
jasmith@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Scott M. Flanz (*Pro Hac Vice*)
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

**COUNSEL FOR PLAINTIFF |
THE CHAMBERLAIN GROUP LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 7, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                  */s/ Kathryn Quisenberry*
                                                  Kathryn Quisenberry

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Per CV-5(a)(7)(B), the court already has granted authorization to seal confidential documents, and Chamberlain is filing under seal pursuant to the protective order entered in the case.

                                                  */s/ Kathryn Quisenberry*
                                                  Kathryn Quisenberry

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff Chamberlain has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is partially opposed.  The conference required by Local Rule CV-7(h) was conducted on May 17, 2022 among the following participants: Ben Elacqua, Melissa Smith, and Kate Quisenberry for Plaintiff Chamberlain and David Callahan, Michael Smith, and Bradley Hyde for Defendants.  The parties were unable to reach agreement as to Chamberlain's requested relief.

                                                  */s/ Kathryn Quisenberry*
                                                  Kathryn Quisenberry