# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC, § § | |
| Plaintiff, § | Case No. 2:21-cv-0084-JRG |
| v. § § | **JURY TRIAL DEMANDED** |
| OVERHEAD DOOR CORPORATION and § GMI HOLDINGS INC., § § | |
| Defendants. § § | |

## DEFENDANTS' MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS AND WRITTEN DISCOVERY

## TABLE OF CONTENTS

I.   LEGAL STANDARD..................................................................................................2

II.  ARGUMENT..............................................................................................................2

    A.   Plaintiff Should Be Compelled to Produce Documents Relevant to Its Ability to Make Sales That Were Purportedly Lost Due to the Alleged Infringement..................................................................................................2

        1.   Documents Concerning ███████████████████████, Chamberlain's Inability to Obtain Raw Materials and Components, and Other Factors Impacting Chamberlain's Manufacturing Capacity, As Well As Resulting Inventory Shortages ................................3

        2.   Documents and Information Concerning the Impact of the ITC's Exclusion Order on Chamberlain's Ability to Meet Demand .....................5

    B.   Chamberlain Should Be Compelled to Produce Information Relating to Its "Reconstructed Prototype"........................................................................................6

    C.   Chamberlain Should Be Compelled to Produce Certain Withheld Documents Reflected on Its Privilege Log ............................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*,
  No. 17-CV-01065-MSG-RL, 2019 WL 917990 (D. Del. Feb. 25, 2019) .................................................. 7

*Acantha LLC v. DePuy Orthopaedics Inc*,
  No. 15-C-1257, 2017 WL 5186376 (E.D. Wis. Nov. 8, 2017) .................................................................. 7

*Certain Moveable Barrier Operator Systems and Components Thereof*, No. 337-TA-1209, Respondents'
  PI Submission (Oct. 14, 2021) ................................................................................................................. 3

*Micro Motion, Inc. v. Kane Steel Co.*,
  894 F.2d 1318 (Fed. Cir. 1990) ................................................................................................................. 3

*SSL Servs., LLC v. Citrix Sys., Inc.*,
  No. 2:08-cv-158-TJW, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010) ....................................................... 2

**RULES**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................................ 2

███████████████████████████████████

Defendants respectfully request that the Court compel The Chamberlain Group LLC ("Chamberlain") to provide complete discovery relating to the following subjects: (A) Chamberlain's ability to meet demand for the allegedly infringing products, including its manufacturing capacity; (B) a "reconstructed" prototype that Chamberlain claims supports an earlier conception date for the '404 patent; and (C) documents on Chamberlain's privilege log for which Chamberlain has failed to provide adequate information to support its privilege claims.

With respect to the first issue, during the reopened discovery period, the parties exchanged supplemental discovery requests, including interrogatories, document requests, and deposition notices. Defendants sought documents related to the ability of Chamberlain to meet demand for sales that it claims to have lost as a result of Defendants' alleged infringement. This included documents concerning Chamberlain's manufacturing capacity, as well as sales lost because of COVID, global supply-chain issues, and the exclusion of Chamberlain's products from importation into the United States in view of the International Trade Commission's findings that Chamberlain infringed three of Defendants' patents. Despite the undisputed relevance of this discovery to Chamberlain's claim for lost-profits damages, Chamberlain has produced to date only ███████████████████████████████████████████████████████ However, deposition testimony from Chamberlain witnesses and other documents suggest that additional responsive materials exist. Accordingly, Defendants respectfully request that the Court compel Chamberlain to make a fulsome collection and production of such materials.

Second, recognizing the weakness of its prior conception defense, Chamberlain notified Defendants shortly before the close of fact discovery about a "reconstructed prototype" made available for inspection, which Chamberlain apparently seeks to use as a demonstrative at trial to support its earlier conception proofs. While Defendants object to the use of such manufactured

material at trial, Defendants have nevertheless requested all documents and information related to this prototype, in the event Chamberlain is allowed to present it. Chamberlain refused, however, ██████████████████████████████ ██████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Defendants thus request that the Court compel Chamberlain to produce all materials and information related to this prototype, or in the alternative, that Chamberlain be precluded from relying on this prototype at trial.

Finally, Chamberlain's privilege log includes entries that, ████████████████

████████████████████████████████████████ However, none of these entries provide sufficient information for Defendants to assess whether Chamberlain has a valid basis for withholding these materials. Defendants thus respectfully request that the Court compel Chamberlain to produce these materials.

## I.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." FED. R. CIV. P. 26(b)(1). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery …." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

## II.   ARGUMENT

### A.   Plaintiff Should Be Compelled to Produce Documents Relevant to Its Ability to Make Sales That Were Purportedly Lost Due to the Alleged Infringement

Because Chamberlain seeks damages for lost profits purportedly caused by sales of the accused products—including sales made since the prior close of fact discovery—Chamberlain must prove that, but for infringement, it could have made the sales it supposedly lost, including by

2

demonstrating it had sufficient "manufacturing capacity." *E.g.*, *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322 (Fed. Cir. 1990). However, Chamberlain's production concerning facts bearing on its ability to satisfy customer demand has been very limited, omitting documents its own employees confirm exist, as well as documents that must exist, if representations made by Chamberlain's leadership to the public and to the ITC are to be believed.

    **1.**    **Documents Concerning Chamberlain's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Chamberlain's Inability to Obtain Raw Materials and Components, and Other Factors Impacting Chamberlain's Manufacturing Capacity, As Well As Resulting Inventory Shortages**



▮▮▮▮▮▮▮ (*See, e.g.*, Mar. 10, 2022 Trial Tr. at 173:7-18.) Chamberlain also suffers from ***ongoing*** major supply-chain disruptions that have impacted its ability to obtain raw materials and components, as reflected in, for example, various public representations made by Chamberlain to the ITC. *See Certain Moveable Barrier Operator Systems and Components Thereof*, 337-TA-1209, Respondents' PI Submission, at 2 (Oct. 14, 2021) ("Supply chain issues due to COVID-19 over the last 12-18 months have hit the GDO and GO industry hard ***and are continuing to do so***.").

▮▮▮▮ However, Chamberlain has produced no documents relating ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Hyde Decl. ¶ 4. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Hyde Decl. ¶ 4.[1]

---

[1] Indeed, as far as documents relating to Chamberlain's manufacturing shutdown are concerned, Chamberlain has produced only: (a) a few public announcement relating to Chamberlain's COVID

3

While Chamberlain's counsel argued during meet and confers that its limited production of emails and COVID-related documents is sufficient and that no additional relevant documents exist, ███████████████████████████████████ ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Moreover, ████████████████████████████████████████

████████████████████████████████, Chamberlain itself represented to the ITC that it is still being affected by ongoing global supply issues. *See supra* ("Supply chain issues due to COVID-19 over the last 12-18 months have hit the GDO and GO industry hard and are continuing to do so."). Yet Chamberlain produced no materials evidencing these ongoing supply constraints that it referenced in its sworn statement to the Commission.

Defendants thus respectfully request the Court compel Chamberlain to search for and

---

shutdown; (███████████████████████████████████████

███████████████████████████████████████████████

produce the materials relating to its ITC statement as well as ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ along with any other presentations, minutes, or correspondence relating to Chamberlain's ▓▓▓▓▓▓▓▓▓▓ its ability to obtain raw materials and components, and any resulting inventory shortages.[2]

### 2. Documents and Information Concerning the Impact of the ITC's Exclusion Order on Chamberlain's Ability to Meet Demand

Chamberlain's ability to satisfy customer demand has further been impacted by the ITC having entered an exclusion order against Chamberlain in February of 2022 (after the prior close of fact discovery). *See, e.g.*, 87 Fed. Reg. 31 (Feb. 15, 2022). Before and after this exclusion order, Chamberlain repeatedly asserted the order's effects would be devastating to Chamberlain's sales. For example, in a letter sent to Senators Tammy Duckworth and Dick Durbin, Chamberlain CEO Jeff Meredith pleaded for governmental intervention to modify the exclusion order, stating that "[w]ithout action from the Biden Administration to press the ITC to modify these orders, Chamberlain will be forced to pull ***millions*** of garage door and security gate openers across the United States on April 10, 2022." Hyde Decl. ¶ 5 (emphasis added). Mr. Meredith made similar pleas in the press, stating in a Chicago Sun Times op-ed that the exclusion order would have such an extensive impact on sales that it could threaten more than 700 Chamberlain employees' jobs.[3]

One would expect that these representations by Chamberlain would be supported by

---

[2] During a subsequent meet and confer, Chamberlain represented that it would produce the materials identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ However as of the filing of this motion, no materials have been produced. To the extent that Chamberlain follows through with this production, Defendants will notify the Court as to whether any portion of this motion has been mooted.

[3] *How Biden can help this suburban company tackle inflation, supply chain woes,* Jeff Meredith, Chicago Sun Times (March 32, 2022) available at https://chicago.suntimes.com/2022/3/31/23003492/supply-chain-inflation-home-construction

5

internal documents, including documents assessing the impact of the ITC's exclusion order on sales. Yet, in response to Defendants' requests for such documents, Chamberlain has produced ***nothing*** concerning the harm it claimed it would suffer as a result of the ITC exclusion order. It is simply not credible that Chamberlain has no documents in its possession regarding the complete exclusion of its products from the United States market, particularly in view of Chamberlain's plethora of representations to the public and the Commission that an exclusion order would result in significant supply interruptions to its customers and lost sales to Chamberlain. Chamberlain's CEO presumably would not have made these representations without some concrete materials provided to him—e.g., management presentations, meeting minutes, or other internal analysis.

In short, Chamberlain has been talking out of both sides of its mouth, telling the public and the Commission that it has and will suffer severe financial and business harm as a result of any exclusion order, and then telling a different story in support of its lost-profits claims here: that it suffered no harm as a result of the exclusion order and could have easily met not only the demand for its own products, but that for Defendants' products as well. Defendants thus respectfully request that the Court compel Chamberlain to search for and produce the materials relating to the representations it made to the Commission and to the public regarding sales losses and customer losses associated with the ITC exclusion order, and that Chamberlain further be compelled to supplement its interrogatory response to provide any relevant information on this subject matter.

**B.     Chamberlain Should Be Compelled to Produce Information Relating to Its "Reconstructed Prototype"**

Because Chamberlain was unable to produce a prototype (or any other document) supporting its prior conception during the previous trial, just over one week before the close of this fact discovery during the retrial period, Chamberlain produced what it called a "reconstructed prototype"—i.e., a prototype made specifically for this litigation—that it wants to use to try and

6

prove an earlier conception date for the '404 patent.  Hyde Decl., ¶ 6. ███████
████████████████████████████████████████████████████████████████

While this "prototype" is not admissible evidence in the first place—and should ultimately be excluded regardless of the Court's ruling on this motion—Chamberlain should be required to produce any communications and documents relating to its creation. ███████
███████ ███████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████ *Cf., e.g., Acantha LLC v. DePuy*, 2017 WL 5186376, at *5 (E.D. Wis. Nov. 8, 2017) ("[B]y using certain portions of its attorney-client communications as evidence of its conception and diligence, it has placed its communications with its patent attorneys at issue….'").

### C. Chamberlain Should Be Compelled to Produce Certain Withheld Documents Reflected on Its Privilege Log

Finally, appearing on Chamberlain's privilege log is ███████████████████
█████████████████████████████ and each of these entries lacks sufficient information to evaluate Chamberlain's privilege claim.  For example, for each of these entries, Chamberlain has not identified the attorneys involved in the allegedly privileged communications. *See* Hyde Decl., Ex. B (snapshot of CGI's privilege log); *see also AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, No. 17-CV-01065-MSG-RL, 2019 WL 917990, at *5 (D. Del. Feb. 25, 2019) (explaining that a privilege log entry must include "the name of the attorney involved in the communication or preparation of the document").  Because Chamberlain has failed to adequately support its claim of privilege, production of these documents should be compelled, or at a minimum, should be subjected to *in-camera* review.[4]

---

[4] The parties are continuing to work to resolve this dispute.  However, to date, Chamberlain has not supplemented its privilege log or produced the relevant materials.

7

Dated:  June 20, 2022                                    Respectfully submitted,

*/s/ David. K. Callahan*
David K. Callahan
IL Bar No. 6206671
Kenneth G. Schuler
IL Bar No. 6226036
Marc N. Zubick
IL Bar No. 6308239
Raj Patel
IL Bar No. 6321274
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
kenneth.schuler@lw.com
david.callahan@lw.com
marc.zubick@lw.com
raj.patel@lw.com

S. Giri Pathmanaban
TX Bar No. 24074865
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
giri.pathmanaban@lw.com

Susan Y. Tull
D.C. Bar No. 992644
Gabriel K. Bell
D.C. Bar No. 987112
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
susan.tull@lw.com
gabriel.bell@lw.com

Stephen A. Maniscalco
NY Bar No. 5387063
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas

New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
stephen.maniscalco@lw.com

Bradley A. Hyde
CA Bar No. 301145
**LATHAM & WATKINS LLP**
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92843
Telephone: (714) 755-8041
Fax: (714) 755-8290
bradley.hyde@lw.com

Michael C. Smith
TX Bar No. 18650410
**SCHEEF & STONE, LLP**
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

E. Leon Carter
TX Bar No. 03914300
Scott W. Breedlove
TX Bar No. 00790361
Nathan Cox
TX Bar No. 24105751
**CARTER ARNETT PLLC**
8150 N. Central Expy, 5th Floor
Dallas, TX 75206
Telephone (214) 550-8188
Fax: (214) 550-8185
lcarter@carterarnett.com
sbreedlove@carterarnett.com
ncox@carterarnett.com

**ATTORNEYS FOR DEFENDANTS OVERHEAD DOOR CORPORATION AND GMI HOLDINGS INC.**

9

## CERTIFICATE OF CONFERENCE

This is to certify that counsel has complied with the meet and confer requirement in local rule CV–7(h) and this motion is opposed. A personal conference required by this rule was conducted telephonically on June 17, 2022 between counsel for Plaintiff, Benjamin Elacqua, Kate Quisenberry, and Travis Underwood, and counsel for Defendants, David K. Callahan, Bradley Hyde, Aaron Macris, and Michael Smith.  On the meet and confer counsel for Plaintiff confirmed that they opposed the present motion and have not produced the requested documents.

<i>/s/ David K. Callahan</i><br>
David K. Callahan

## CERTIFICATE OF SERVICE

I certify that on June 20, 2022 all counsel of record who are deemed to have consented to electronic service were served with a copy of this document via the Court's CM/ECF System according to the applicable Federal Rules of Civil Procedure.

<i>/s/ David K. Callahan</i><br>
David K. Callahan

## CERTIFICATE OF AUTHORIZATION TO SEAL

Per CV-5(a)(7)(B), the Court already has granted authorization to seal confidential documents, and Defendants are filing the associated briefing and certain exhibits under seal pursuant to the protective order entered in the case.

<i>/s/ David K. Callahan</i><br>
David K. Callahan