# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br>    Plaintiff,<br>v.<br><br>OVERHEAD DOOR CORPORATION and<br>GMI HOLDINGS INC.,<br><br>    Defendants. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

# THE CHAMBERLAIN GROUP LLC'S MOTION TO COMPEL A RESPONSE TO INTERROGATORY NO. 8 AND ASSOCIATED DOCUMENT PRODUCTION

Chamberlain respectfully requests an order compelling Overhead Door to fully answer Interrogatory No. 8 and to supplement its document production relating to supply chain constraints.

Following Defendants' disclosure of its combo board products ("Newly Disclosed Accused Products") for the first time on the eve of trial, the Court ordered *inter alia* a new trial on all issues related to the '404 Patent. (Dkt. No. 386). In this new trial, the Accused Products include not only the Combo Board WiFi Garage Door Opener (GDO) Products, but also the Original Accused WiFi GDO Products and the Aladdin Connect System. Accordingly, pursuant to the Court re-opening fact discovery, Chamberlain served Interrogatory No. 8 that requests Defendants "[d]escribe in complete detail how supply chain issues have impacted Your business and Your ability to produce products from January 1, 2021 to present, including but not limited to how said supply chain issues necessitated Your decision to create the Newly Disclosed Accused Products." Instead of providing an answer with respect to all of its products during the January 1, 2021 to present time frame, Defendants arbitrarily limited its response to the combo board products. Even then, their response relating to the combo board products is inadequate as it merely references Mr. Kridel's Declaration, submitted in support of Defendants' Opposition to the Sanctions motion, and a single additional (and non-responsive) document. On a June 20th meet and confer, Defendants argued that this information was not relevant and refused to supplement its response to Interrogatory No. 8 with additional information or documents limited to the January 1, 2021 to present time frame.

Chamberlain requested Defendants supplement their response to Interrogatory No. 8 and complete their document production with respect to supply chain constraints. (Ex. 1, 2022-06-16, Chamberlain Letter to OHD re Discovery at 2). Counsel for Defendants insisted "Chamberlain

has not articulated any good-faith basis for needing this information." (Ex. 2, 2022-06-19, Letter from Hyde to Quisenberry re Discovery at 2).

Information relating to supply chain constraints is not only relevant, it is necessary to respond to Defendants' arguments addressing Chamberlain's lost profits theories. Further, a complete response to Interrogatory No. 8 is relevant to understand the circumstances leading to the creation of the Newly Disclosed Accused Products. Lastly, Chamberlain carefully tailored Interrogatory No. 8 to seek relevant information only by limiting the temporal scope to January 1, 2021 to present. With the principles of relevancy and proportionality on Chamberlain's side, Chamberlain respectfully submits that the Court should grant its motion to compel.

## I.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). *TIGI Linea Corp. v. Pro. Prod. Grp., LLC*, No. 4:19-cv-00840-RWS-KPJ, 2021 WL 1947341, at *3 (E.D. Tex. May 14, 2021). Relevance is "broadly construed: '[i]nformation is relevant if it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Ultravision Techs. v. Govision*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 10692707, at *2 (E.D. Tex. July 18, 2020) (citing *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). Further, information within this scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure allow Chamberlain to move to compel a discovery response if a party makes an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(3)(B)(iii); 37(a)(4).

## II. ARGUMENT

### A. Chamberlain's Discovery Request Is Relevant And Proportional To The Needs Of The Case

Chamberlain's discovery request with respect to supply chain constraints is relevant to at least two critical issues in the case. First, information relating to supply chain constraints is not only relevant, but necessary to respond to Defendants' arguments addressing Chamberlain's lost profits theories. Specifically, to the extent that Defendants argue that Chamberlain would not have been able to make sales due to supply chain issues, Chamberlain is entitled to respond, at least in part, by showing that those issues existed in the industry by pointing to evidence from others, such as Overhead Door. Second, a complete response to Interrogatory No. 8 is relevant to understand the circumstances leading to the creation of the Newly Disclosed Accused Products. ████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Defendants' May 19, 2022 Obj. & Resp. to Interrogatory No. 7 at p. 27-28 ("████████████████████████████████████████████████████████████████████████████████████████████."). As discussed above, Chamberlain only learned of the Newly Disclosed Accused Products on the eve of the first trial. (Dkt. No. 348-1 at 1). Despite the Court re-opening fact discovery, Chamberlain still does not have a complete understanding of the circumstances leading to the creation of the Newly Disclosed Accused Products. A response to Interrogatory No. 8 is thus relevant to at least these two critical issues in the case.

As for proportionality, Chamberlain's requests are carefully tailored to only seek information necessary to respond to key damages arguments in this case. Specifically, Chamberlain has limited this request in temporal scope to "January 1, 2021 to present."

### B. The Court Should Order Defendants To Provide A Proper Response To Interrogatory No. 8

As an initial matter, it is not clear that the only document cited by Defendants in its Response to Interrogatory No. 8 even addresses this interrogatory. The cited document appears to show ████████████████████████████████████████████████, but does not otherwise appear to relate to Defendants' supply chain constraints or shortages. *SEC v. Elfindepan*, 206 F.R.D. 574, 576-77, (M.D.N.C. 2002) (a party must "show that a review of the documents will actually reveal answers to the interrogatories"). Even if this document does address the issue, however, it is not readily apparent from reviewing the document *how* it answers the interrogatory.

Next, Defendants chose to interpret this interrogatory "in an artificially restrictive manner" by responding with respect to the combo board products only, while failing to answer with respect to *any* of the other accused products. *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) Se*, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *2 (W.D. Tex. Aug. 19, 2018) ("discovery requests should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request" (internal citations omitted)) (citing *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014)). Here, supply chain information relating to all of Defendants' products is necessary for Chamberlain to respond to key damages arguments. Specifically, to the extent that Defendants intend to argue that Chamberlain would not have been able to make sales due to supply chain issues, Chamberlain is entitled to respond by showing that those same issues existed for other companies, such as Overhead Door. Accordingly, Defendants should not be permitted to "artificially restrict[]" this interrogatory "to avoid disclosure of information fairly" and clearly covered by Interrogatory No. 8. *See id.*

Further, the burden on Defendants to derive answers concerning supply chain issues is limited. Defendants have produced documents with respect to the combo board products, and have not demonstrated how providing these documents with respect to its other products is burdensome, especially in light of the narrow time frame. *See, e.g.*, *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, at *4 (D. Jan. Aug. 10, 2011) (granting Plaintiff's motion to compel due to Defendant's failure "to offer an adequate explanation as to why it cannot produce the [documents], *particularly in light of the fact that it has already produced similar documents*.") (emphasis added). Chamberlain does not have the same access to Defendants' records surrounding supply chain constraints, and cannot gather this information from records within its possession. In contrast to Defendants' steadfast refusal, Chamberlain went to great lengths to gather documents in the final days of discovery to address Defendants' concerns about Chamberlain's allegedly deficient production of documents relating to Chamberlain's manufacturing capacity.

Defendants' incomplete interrogatory response has deprived Chamberlain of critical information that is highly relevant to damages arguments in this case, as well as the circumstances surrounding the creation of the Newly Disclosed Accused Products. To avoid any additional prejudice to Chamberlain, Defendants should be ordered to supplement its answer to Interrogatory No. 8 immediately by addressing the impact of supply chain issues during the January 1, 2021 to present time period, rather than arbitrarily limiting its response to the combo board products.

### III.   CONCLUSION

Chamberlain requests the Court enter an Order compelling Defendants to produce a full and complete response to Interrogatory No. 8 and to supplement its document production relating to supply chain constraints accordingly.

Date:  June 21, 2022                                 Respectfully submitted,

By:  */s/ Benjamin C. Elacqua*
Ruffin B. Cordell
cordell@fr.com
Texas Bar Number 04820550
Daniel R. Gopenko
Virginia Bar Number 83932
gopenko@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
Karrie Wheatley
Texas Bar Number 24098605
wheatley@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Betty H. Chen
Texas Bar Number 24056720
bchen@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070

Scott M. Flanz (*Pro Hac Vice*)
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257


**COUNSEL FOR PLAINTIFF THE CHAMBERLAIN GROUP LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties met and conferred on June 20, 2022.  Defendants indicated that they are opposed to this motion.

                                                 */s/ Benjamin C. Elacqua*
                                                 Benjamin C. Elacqua

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Per CV-5(a)(7)(B), the Court already has granted authorization to seal confidential documents, and Chamberlain is filing under seal pursuant to the protective order entered in the case.

                                                 */s/ Benjamin C. Elacqua*
                                                 Benjamin C. Elacqua

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via email on this 21st day of June, 2022.

                                                 */s/ Benjamin C. Elacqua*
                                                 Benjamin C. Elacqua