# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC, § § § *Plaintiff*, § § v. § § OVERHEAD DOOR CORPORATION, GMI § HOLDINGS INC., § § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00084-JRG |

## ORDER MEMORIALIZING JULY 12, 2022 MOTIONS HEARING

The Court held a hearing in the above-captioned matter on Tuesday, July 12, 2022 regarding various motions to compel filed by Plaintiff The Chamberlain Group LLC ("Plaintiff") and Defendants Overhead Door Corporation and GMI Holdings Inc. (collectively, "Defendants") and Plaintiff's motion to amend its infringement contentions. (Dkt. Nos. 396, 401, 405, and 410.) This Order memorializes the Court's rulings on the aforementioned motions as announced into the record, including additional instructions that were given to the parties. (Dkt. No. 452.) Although this Order summarizes the Court's rulings as announced into the record during the hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Chamberlain's Motion to Compel Waived Communications, Testimony Regarding Waived Communications, and a Response to Interrogatory No. 6 (Dkt. No. 396)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 452 at 19:16–32:15.) The Court found that the date on which Defendants' counsel learned of the existence of the combo board product is not privileged and **ORDERED** Defendants to provide an answer to Plaintiff's Interrogatory No. 6. However, the Court did not find that Defendants waived the right

to assert that communications surrounding Defendants' knowledge of the existence of the combo board product are privileged. Therefore, Defendants were **ORDERED** to produce all non-privileged documents responsive to Interrogatory No. 6 and to serve and file a privilege log for all documents regarding the same for which Defendants intend to claim privilege on or before **July 22, 2022**.

2. **Chamberlain's Partially Opposed Motion for Leave to Amend its P.R. 3-1 and P.R. 3-2 Patent Initial Disclosures Under P.R. 3-6(b) (Dkt. No. 401)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 452 at 32:16–43:4.) Plaintiff sought leave to supplement its disclosures pursuant to P.R. 3-1(e), 3-1(f), and 3-2(b). Defendants did not oppose this portion of the motion. Accordingly, this portion of the motion was **GRANTED**. Plaintiff is permitted to supplement its disclosures pursuant to P.R. 3-1(e), 3-1(f), and 3-2(b).

Plaintiff also sought leave to amend its invalidity contentions to assert that the Aladdin Connect System infringes U.S. Patent No. 8,587,404 (the "'404 Patent"). This portion of the motion was **DENIED**.

3. **Defendants' Motion to Compel Production of Documents and Written Discovery (Dkt. No. 405)**

During the meet and confer process before the hearing, the Parties resolved the bulk of the issues in this motion. Specifically, Defendants agreed not to seek production of documents related to Plaintiff's ability to meet demand for the allegedly infringing products, information related to the exclusion order at the International Trade Commission, and certain documents on Plaintiff's privilege log. Accordingly, those portions of the motion were **DENIED AS MOOT**.

Defendants also sought production of documents related to a reconstructed prototype that Plaintiff claims supports an earlier conception date. Defendants argued that Plaintiff waived any claim of privilege over the same by intending to rely on the device as evidence of conception. The

Court declined to find any such waiver. Accordingly, those portions of Defendants' motion not denied as moot were subsequently **DENIED**. (Dkt. No. 452 at 5:14–19:12.) Additionally, Plaintiff was **ORDERED** to serve and file a privilege log for all documents regarding this area of inquiry for which Plaintiff intends to claim privilege on or before **July 22, 2022**.

4. **Chamberlain's Motion to Compel a Response to Interrogatory No. 8 and Associated Document Production (Dkt. No. 410)**

    Plaintiff withdrew this motion. (Dkt. No. 452 at 5:4–13.) Accordingly, the Court ordered the motion **WITHDRAWN**.

**So ORDERED and SIGNED this 21st day of July, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE