# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| THE CHAMBERLAIN GROUP, LLC, | § § § | |
| Plaintiff, | § | Case No. 2:21-cv-0084-JRG |
| v. | § § | |
| OVERHEAD DOOR CORPORATION and GMI HOLDINGS INC., | § § § | |
| Defendants. | § § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF UNCONTESTED LIMITATIONS

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...............................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................1

III. STATEMENT OF FACTS .................................................................................................2

IV. LEGAL STANDARD.........................................................................................................4

V. ARGUMENT......................................................................................................................5

    A. CGI's Motion Is Contrary To Law .........................................................................5

    B. The Court Should Deny Summary Judgment Because The Allegedly "Uncontested" Limitations Cannot Be Analyzed In Isolation From "Contested" Limitations..........................................................................................8

    C. CGI's Requested Relief Would Complicate Trial, Risk Jury Confusion, And Waste Judicial Resources................................................................................9

VI. CONCLUSION.................................................................................................................12

## **TABLE OF AUTHORITIES**

**CASES**

*Allergan Sales, LLC v. Sandoz. Inc.*,
  No. 2:12-cv-00207-JRG (E.D. Tex. Sep. 30, 2016) ................................................................. 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................. 4, 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................. 4

*Collegenet, Inc. v. XAP Corp.*,
  442 F. Supp. 2d 1036 (D. Or. 2006) ........................................................................................ 8

*Data Engine Techs. LLC v. Google LLC*,
  10 F.4th 1375 (Fed. Cir. 2021) .............................................................................................. 10

*DUSA Pharms., Inc. v. Biofrontera Inc.*,
  495 F. Supp. 3d 21 (D. Mass. 2020) ........................................................................................ 8

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ............................................................................................... 5

*Finjan Inc. v. Blue Coat Sys., Inc.*,
  No. 13-cv-3999, 2015 WL 3630000 (N.D. Cal. June 2, 2015) ............................................... 8

*Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*,
  972 F.2d 1272 (Fed. Cir. 1992) ...................................................................................... 6, 7, 8

*Hutchins v. Zoll Med. Corp.*,
  492 F.3d 1377 (Fed. Cir. 2007) ............................................................................................... 6

*Int'l Rectifier Corp. v. IXYS Corp.*,
  361 F.3d 1363 (Fed. Cir. 2004) ............................................................................................... 5

*KAIST IP US LLC v. Samsung Elecs. Co.*,
  No. 2:16-cv-01314-JRG-RSP, 2018 WL 10498307 (E.D. Tex. June 7, 2018) ........................ 8

*Lovell Mfg. Co. v. Cary*,
  147 U.S. 623 (1893) ............................................................................................................... 10

*Motion Picture Patents Co. v. Universal Film Mfg. Co.*,
  243 U.S. 502 (1917) ................................................................................................................. 6

*MyMail, Ltd. v. America Online, Inc.*,
  223 F.R.D. 455 (E.D. Tex. 2004) ............................................................................................ 7

*Optis Wireless Tech. LLC v. Apple Inc.*,
   No. 2:19-CV-00066-JRG (E.D. Tex. March 31, 2021) ............................................................ 11

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
   No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) .......................... 5, 9, 10, 12

*Schumacher v. Cornell*,
   96 U.S. 549 (1877) ................................................................................................................. 6

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
   637 F.3d 1269 (Fed. Cir. 2011) .............................................................................................. 4

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-CV-497-TJW-CE, 2010 WL 11474369 (E.D. Tex. Dec. 10, 2010) ......................... 7

*Team Worldwide Corp. v. Academy, Ltd. d/b/a Academy Sports & Outdoors*,
   No. 2-19-cv-00092-JRG-RSP (E.D. Tex. May 31, 2021) ...................................................... 8

*WMS Gaming, Inc. v. Int'l Game Tech.*,
   184 F.3d 1339 (Fed. Cir. 1999) .......................................................................................... 5, 8

**RULES**

Fed. R. Civ. P. 1 ........................................................................................................................... 12

Fed. R. Civ. P. 56(a) ..................................................................................................................... 4

L.R. 7(a)(2) ................................................................................................................................. 11

**OTHER AUTHORITIES**

H.R. Rep. No. 112-98, pt. 1 (2011) ............................................................................................... 7

I. **INTRODUCTION**

CGI's motion (D.I. 439) is based on a fallacy. CGI argues that because Rule 56(a) permits motions for summary judgment as to "part of each claim or defense," this Court must apply those words literally and consider summary judgment of infringement as to "parts" of the asserted patent claims. CGI is wrong, and the Court should deny its motion for three reasons. *First*, CGI's motion is contrary to law. CGI asks that the Court find that allegedly "uncontested" parts of the asserted claims, but not the entire claim, are "infringed." But there is no such thing as infringing *part* of a claim. Infringement applies only to claims as a whole, and only when an accused product meets each and every part of the claim. Here, CGI does not address every part of any asserted claim in its motion, admitting that there are factual disputes for each asserted claim that preclude infringement as a matter of law. *Second*, CGI claims that there are no material factual disputes for "uncontested" claim limitations. Not so. CGI ignores that the "uncontested" claim limitations provide necessary context for the limitations that are "contested," including through antecedent basis and in evaluating non-infringement of the claims as a whole. *Third*, the Court should exercise its discretion and deny CGI's motion because granting it would complicate trial, risk jury confusion and prejudice to OHD, and waste the Court's resources.

II. **STATEMENT OF ISSUES TO BE DECIDED**

(1) Whether an accused product can infringe an isolated part of a patent claim as a matter of law?

(2) Whether an accused product can infringe an isolated part of a claim when there are material factual disputes as to interrelated claim elements and as to infringement of the claim as a whole?

(3) Whether it is appropriate to grant partial summary judgment of infringement that an accused product infringes an isolated part of a claim, but not any claim as a whole, when it will

complicate trial, risk jury confusion, and waste the Court's resources?

### III.   STATEMENT OF FACTS

1.   CGI argues that asserted claims 4, 6-9, 11, and 16-20 can be split into parts, some of which are "uncontested" and others that are contested. D.I. 439 ("Mot.") at 1. In particular, CGI asserts that elements 4[pre], 4[a], 4[b], 4[c], 6[a], 7[pre], 7[a], 8[a], 9[a], 11[pre], 11[a], 11[b], 11[c], 16[pre], 16[a], 16[b], 17[a], 18[a], 19[pre], 19[a], 19[b], 19[d], 20[pre], 20[a], 20[b], and 20[d] are "uncontested" limitations for which there are no factual disputes relating to infringement[1], whereas elements 4[d], 4[e], 6[pre], 7[b], 7[c], 7[d], 8[pre], 9[pre], 11[d], 11[e], 11[f], 11[g], 16[c], 17[pre], 18[pre], 19[c], and 20[c] are contested limitations for which there are factual disputes relating to infringement. *Id.* at 21-22.

2.   In the asserted independent claims, *every* allegedly "uncontested" limitation is interrelated with a contested limitation because the "uncontested" limitation either claims antecedent basis to or provides antecedent basis for a contested limitation, as shown in the following table.

| "Uncontested" Limitation | Example Term | Antecedent Basis To/For Contested Limitation |
|---|---|---|
| 4[pre] | "a moving-barrier imminent motion notification" | 4[d], 4[e] |
| 4[a] | "a movable barrier operator" | 4[d], 4[e] |
| 4[b] | "a transmitter identification code" | 4[d], 4[e] |
| 4[c] | "a command to close" | 4[d], 4[e] |
| 7[pre] | "a moving-barrier imminent motion notification" | 7[b], 7[c], 7[d] |
| 7[a] | "a communication" | 7[b], 7[c], 7[d] |
| 11[pre] | "a moving-barrier imminent motion notification" | 11[e], 11[g] |
| 11[a] | "a movable barrier" | 11[e], 11[g] |

---

[1] Although CGI argues in its motion that certain limitations are "uncontested," CGI did not serve any requests for admission requesting that OHD confirm or deny whether there were disputes as to those specific limitations.

2

| 11[b]   | "the movable barrier operator comprising:"     | N/A              |
|---------|------------------------------------------------|------------------|
| 11[c]   | "a system wired connection"                    | 11[d]            |
| 16[pre] | "a moving-barrier imminent motion notification"| 16[b]/[c][2]     |
| 16[a]   | "a user input"                                 | 16[b]/[c]        |
| 19[pre] | "a moving-barrier imminent motion notification"| 19[b]/[c]/[d]    |
| 19[a]   | "a first user input"                           | 19[b]/[c]/[d]    |
| 20[pre] | "a moving-barrier imminent motion notification"| 20[b]/[c]/[d]    |
| 20[a]   | "a first user input"                           | 20[b]/[c]/[d]    |

3. On June 23, 2022, CGI's expert, Dr. Villasenor, served an expert report opining that OHD's accused products infringe the asserted claims. Ex. 1 (6/23/22 Villasenor Rpt.) ¶ 224 ("[I]t is my opinion that the Accused Products infringe the Asserted Claims of the '404 patent.").[3] While Dr. Villasenor analyzed the claims on a limitation-by-limitation basis, he did not opine that the accused products "infringe" any limitation. Instead, he based his opinion on the legal principle that every limitation of a claim is "essential" in analyzing infringement. *See id.* ¶ 23 ("I also understand that every limitation of a claim is essential and that the absence of any one limitation avoids infringement. Finally, it is my understanding that, to infringe a dependent claim, the accused product must include each and every limitation of all claims from which it depends[.]").

4. On July 6, 2022, OHD's expert, Dr. Leeb, served a rebuttal expert report opining that OHD's accused products do not infringe the asserted claims. *See, e.g.*, Ex. 2 (Leeb 7/6/22 Rpt.) ¶ 152. Dr. Leeb's report set forth opinions relating to non-infringement on a claim-by-claim basis. *See, e.g., id.* ¶ 195 ("The accused products do not infringe claim 4, nor has Dr. Villasenor

---

[2] For claims 16, 19, and 20, CGI's motion further removes any sense of coherence by dividing the final limitation into sub-limitations not present in the claims as written. Mot. at 11, 15, 17. This chart stitches those sub-limitations back together into the format analyzed by both parties' experts.

[3] All exhibits are to the declaration of Blake R. Davis, filed herewith.

3

established that the accused products meet every limitation of claim 4."). Dr. Leeb explains that for each claim, the accused products do not satisfy one or more claim limitations. *See, e.g., id.* ¶ 196. Dr. Leeb does not address whether any limitations are "infringed" in isolation because Dr. Villasenor does not offer any such opinion.

5. Dr. Leeb considered the Court's jury instructions from the prior trial in forming his non-infringement opinions. Ex. 2 (Leeb 7/6/22 Rpt.) ¶ 7. At the prior trial, the Court instructed the jury that the "coverage of a patent, ladies and gentlemen, is assessed on a claim-by-claim basis." Ex. 3 (Day 5 Trial) at 30:14-16. Each "claim sets forth its requirements in a single sentence" and a product is only covered by a claim if a product "satisfies each of these requirements." *Id.* at 30:9-12. The Court explained that "the claim is said to cover that product" when it "meets all of the requirements of a claim." *Id.* at 30:17-23. Conversely, if a "product is missing even one limitation or element of a claim, the product is not covered by the claim" and "cannot infringe that claim." *Id.* at 30:23-31:1.

## IV. LEGAL STANDARD

Summary judgment is only appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "Patent infringement, whether literal or by equivalence, is an issue of fact, which the patentee must prove by a preponderance of the evidence." *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1279 (Fed. Cir. 2011) (citation omitted). "To prove literal infringement, the patentee must show that the accused device contains *each and every* limitation of the asserted claims." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1215 (Fed.

4

Cir. 2014) (citation omitted).[4] "If even one limitation is missing or not met as claimed, there is no literal infringement." *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1350 (Fed. Cir. 1999) (citation omitted).

Motions for partial summary judgment are permitted under Rule 56, but in complex cases requests for partial relief must be "conducive to the conservation of judicial resources and of benefits to the parties." *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192, at *5 (E.D. Tex. July 11, 2018) ("*Huawei*") (citation omitted); *id.* ECF 246 (Order Adopting Report and Recommendation). If not, a trial court may "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Huawei*, 2018 WL 3375192, at *5 (quoting *Anderson*, 477 U.S. at 255).

## V. ARGUMENT

### A. CGI's Motion Is Contrary To Law

CGI argues that the Court should grant partial summary judgment that the accused products "infringe" certain limitations of the asserted claims. Mot. at 1. The Court should deny CGI's request because it is legally flawed. As the Court explained to the jury at the March trial, a "claim sets forth its requirements in a single sentence." Ex. 3 (Day 5 Trial) at 30:9-10. That single sentence is generally split into different limitations or elements, but "[i]f a product is missing even one limitation or element of a claim, the product...cannot infringe that claim." *Id.* at 30:23-31:1. It is axiomatic that an accused product can only "infringe" a patent *claim*, and only if the accused product satisfies *every* requirement of that claim. *See, e.g.*, *WMS Gaming*, 184 F.3d at 1350 ("If even one limitation is missing or not met as claimed, there is no literal infringement."); *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1369 (Fed. Cir. 2004) ("Comparison of the claims

---

[4] Emphasis added unless otherwise noted.

5

to the accused device requires a factual determination that every claim limitation or its equivalent is found in the accused device."); *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1380 (Fed. Cir. 2007) ("Patent infringement requires that every element and limitation in a correctly construed claim is embodied in the accused system either literally or … by an equivalent[.]"). The foregoing requirement for infringement is rooted in the precept that a claim as a whole "determine[s] what the invention is." *Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502, 510 (1917); *see also Schumacher v. Cornell*, 96 U.S. 549, 554 (1877) ("With the change of the elements the identity of the product disappears.").

CGI's attempt to split each claim into contested and "uncontested" parts, allowing the jury to consider only the contested parts, cannot be reconciled with controlling precedent. The "essential nature of patent claims" is that the claim "is an *entity* which must be considered *as a whole*." *General Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1274 (Fed. Cir. 1992) (emphasis in original). Thus, for any claim the jury evaluates for infringement, the jury must consider the entirety of the claim and the evidence offered for each part. In contrast, an accused product cannot "infringe" only part of an asserted claim because CGI does not have any patent right in any part of the claim in isolation. *See id.* ("[O]ne cannot properly speak of any single step as being 'claimed,' for it is not."). The following discussion in *General Foods* of a hypothetical process claim having three steps is instructive:

> It cannot be said—though it often is, incorrectly, by the uninitiated—that a part of a claim is "claimed" subject matter. For example, a claim to a process comprising the step A followed by step B followed by step C defines, as a matter of law, only the A-B-C process and one cannot properly speak of any single step as being "claimed," for it is not; all that is claimed is the process consisting of the *combination* of all three steps. Such a claim, therefore, creates no patent right or monopoly in step A, no right to prevent others from using step A apart from the combination of steps A-B-C. Step A is not "patented."

6

*Id.* (emphasis in original). This discussion highlights the fundamental flaw in CGI's motion. As an example, CGI argues that the Court should grant summary judgment that the accused products infringe limitations 4[pre], 4[a], 4[b], and 4[c], but not the remaining limitations 4[d] or 4[e]. *See* Mot. 2-4, 21. But it "cannot be said" that parts 4[pre], 4[a], 4[b], and 4[c] are "claimed subject matter" that can be infringed. *See General Foods*, 972 F.2d at 1274. Rather, "all that is claimed" in claim 4 is a system comprising elements 4[pre], 4[a], 4[b], and 4[c] in ***combination with*** elements 4[d] and 4[e]. *See id*. CGI does not argue for summary judgment of infringement as to elements 4[d] and 4[e], and thus its motion for partial summary judgment of infringement as to any part of claim 4 should be denied. The Court should deny CGI's motion that the accused products "infringe" parts of asserted claims 6-9, 11, and 16-20 for the same reason: CGI does not set forth any facts by which the Court could find that the accused products satisfy every limitation of any of those claims.

CGI cites a single 10+ year old case from this district as purportedly supporting summary judgment of infringement as to certain claim limitations in isolation. Mot. at 20 (citing *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2010 WL 11474369 (E.D. Tex. Dec. 10, 2010)). *SynQor* does not support CGI for two reasons. First, the court in *SynQor* did not grant summary judgment that certain limitations were "infringed," which is the only remedy proposed in CGI's motion. *See id.* (finding the accused products "contain" or "satisfied" certain limitations). Second, that court explained that it had taken up an analysis on a limitation-by-limitation basis only in order to "facilitate trial preparation" in a case involving nine separate defendants.[5] *Id.* at

---

[5] Such cases, with multiple defendants in a single trial, were only permitted under a construction of Rule 20(a) that Congress expressly abrogated a year later. *See* H.R. Rep. No. 112-98, pt. 1, at 55, n.61 (2011) ("Section 299 legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004)[.]"). Thus, the factual scenario in *SynQor* can no longer occur.

7

\*1. Here, there is no need to "facilitate trial preparation" by analyzing individual limitations because there are only two parties and one asserted patent.

In cases like the instant case this Court routinely denies motions for summary judgment of infringement even if there are disputes as to only one limitation of a patent claim. *See, e.g.*, *Team Worldwide Corp. v. Academy, Ltd. d/b/a Academy Sports & Outdoors*, No. 2:19-cv-00092-JRG-RSP, at 3-7 (E.D. Tex. May 31, 2021) (ECF 445) (denying motion for summary judgment of infringement because of dispute over one limitation); *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-01314-JRG-RSP, 2018 WL 10498307, at \*1 (E.D. Tex. June 7, 2018) (same); *Allergan Sales, LLC v. Sandoz. Inc.*, No. 2:12-cv-00207-JRG, at 20-21 (E.D. Tex. Sep. 30, 2016) (ECF 314) (same); *see also WMS Gaming*, 184 F.3d at 1350 ("If even one limitation is missing or not met as claimed, there is no literal infringement.").[6] Those cases also included uncontested limitations, but the Court did not grant any partial relief that those uncontested limitations in isolation were "infringed." *See, e.g.*, *Team Worldwide*, No. 2:19-cv-00092-JRG-RSP (ECF 445), at 7. The same result should follow here. The Court should deny CGI's motion for partial relief.

### B. The Court Should Deny Summary Judgment Because The Allegedly "Uncontested" Limitations Cannot Be Analyzed In Isolation From "Contested" Limitations

Even if it were legally proper to consider infringement for isolated parts of a claim, and it is not, CGI's motion should also be denied because the "uncontested" limitations CGI includes in its motion cannot be isolated, as a matter of law, from the remaining "contested" limitations. *See*

---

[6] CGI's motion cites two out-of-district cases from Oregon and Massachusetts wherein partial summary judgment of infringement was granted as to certain limitations. Mot. at 20 (citing *DUSA Pharms., Inc. v. Biofrontera Inc.*, 495 F. Supp. 3d 21 (D. Mass. 2020) and *Collegenet, Inc. v. XAP Corp.*, 442 F. Supp. 2d 1036 (D. Or. 2006)). Those courts do not regularly handle patent cases, and their analysis is contrary to controlling Federal Circuit precedent discussed above. *See also Finjan Inc. v. Blue Coat Sys., Inc.*, No. 5:13-cv-3999, 2015 WL 3630000, at \*14 (N.D. Cal. June 2, 2015) ("The Court agrees that an element-by-element determination is not appropriate for summary judgment of infringement.").

*General Foods*, 972 F.2d at 1274 (claims are an "*entity* which must be considered *as a whole*.") (emphasis in original). Indeed, every allegedly "uncontested" limitation in an independent claim either claims antecedent basis to or provides antecedent basis for a "contested" limitation. SUMF ¶ 2. Thus, summary judgment of infringement for the limitations at issue in CGI's motion cannot be granted because it would remove the context necessary for the jury to evaluate infringement as to the limitations that are not at issue in CGI's motion.[7] As an example, CGI argues that the accused products should be found to infringe limitation 4[b] that recites, among other things, "the movable barrier operator configured to receive *a* transmitter identification code." Mot. at 3. But that limitation provides the express antecedent basis for limitation 4[d], which requires "the movable barrier operator [to be] configured to determine … based on *the* transmitter identification code." *Id.* Thus, for the jury to evaluate whether the accused products satisfy "contested" claim element 4[d], it must evaluate what CGI alleges satisfies claim element 4[b]. Every other "uncontested" limitation in an independent claim is similarly interrelated with other "contested" limitations for which CGI tacitly concedes—by not including them in its motion—there are material factual disputes that preclude summary judgment of infringement for any asserted claim or part thereof. *See* SUMF ¶ 2; Mot. at 21-22.

      **C.    CGI's Requested Relief Would Complicate Trial, Risk Jury Confusion, And Waste Judicial Resources**

The Court should also deny CGI's request for partial relief as to infringement of certain limitations because it is not "conducive to the conservation of judicial resources and of benefits to the parties." *See Huawei*, 2018 WL 3375192, at*5 (E.D. Tex. July 11, 2018) (explaining that

---

[7] As set forth in OHD's pending Motion for Summary Judgment of Non-Infringement (D.I. 441), there are no material factual disputes from which a jury could find infringement of any asserted claim. If the Court grants OHD's motion, CGI's motion is moot.

9

"partial" summary judgment motions are disfavored). CGI argues that its motion will ostensibly "streamline" issues for trial (Mot. at 1), but CGI is wrong. Taking parts of the claim away from the jury's consideration complicates trial, risks jury confusion, and wastes judicial resources.

*First*, CGI's requested relief would needlessly (and improperly) complicate issues for trial. For example, the "contested" limitations that CGI argues the jury should consider are related, through antecedent basis, to the "uncontested" limitations CGI moves to remove from the jury's consideration. SUMF at ¶ 2. But if those "uncontested" limitations are "infringed," and CGI does not address them, then the jury will lack the necessary context to evaluate the "contested" limitations of the asserted claims. As discussed above, such an analysis would also be contrary to law, which requires that each claim be considered as a whole. *See General Foods*, 972 F.2d at 1274. As another example, the jury will need to consider what CGI argues satisfies the "uncontested" elements when considering invalidity. Indeed, anything that CGI alleges to infringe a claim element informs whether that claim element is found in the prior art because "[t]he meaning of the words of the patent claims must be the same when deciding the issue of infringement and when deciding the issue of invalidity." Ex. 3 (Day 5 Trial) at 29:6-8; *see also Lovell Mfg. Co. v. Cary*, 147 U.S. 623, 628 (1893) (ruling that claims must be construed the same for invalidity and infringement); *Data Engine Techs. LLC v. Google LLC*, 10 F.4th 1375, 1381 (Fed. Cir. 2021) ("We have repeatedly rejected efforts to twist claims, like a nose of wax, in one way to avoid invalidity and another to find infringement.") (internal quotation marks omitted). The straightforward way for the jury to understand the interplay between infringement and invalidity for the claims is for the Court to deny CGI's motion and have CGI introduce evidence of infringement for "uncontested" elements at trial. And of course, "[i]f there really is no genuine issue for trial" as

to the limitations in CGI's motion, then "it should not be difficult to convince a jury" that the accused products satisfy those limitations. *See Huawei*, 2018 WL 3375192, at *4.

*Second*, CGI's request for partial relief as to certain limitations, but not the claims as a whole, risks confusing the jury and unduly prejudicing OHD. The Court would need to instruct the jury what it means to "infringe" a claim limitation and, separately, what it means to infringe a claim as whole. CGI also argues that the Court should rule as a matter of law that limitations in dependent claims are "infringed," even though CGI does not contend that every limitation of the independent claims from which they depend are infringed. Mot. at 21-22. This approach risks confusion that the independent claims as a whole are infringed, when they are not, particularly in view of the Court's prior jury instruction that "[a] dependent claim incorporates all the requirements of the claim to which it refers" and a product is only covered by the dependent claim if a product "meets all the requirements of both the dependent claim and the claim to which it refers." Ex. 3 (Day 5 Trial) at 32:7-18.

*Third*, granting CGI's motion for partial summary judgment of infringement on parts of a claim would waste judicial resources in this case and in future cases before the Court.[8] In this case, CGI's requested relief would not eliminate any issues that the Court or jury will need to consider. Regardless of the outcome of CGI's motion, the jury will consider the "uncontested" limitations at least in the context of invalidity. The jury will also need to consider infringement for every claim, because CGI does not argue that every element is infringed for any claim. However, granting CGI's motion would inevitably create additional disputes both before and

---

[8] Besides being contrary to law, CGI's motion exceeds this Court's 15-page limit for non-dispositive motions. *See* L.R. 7(a)(2); *cf. Optis Wireless Tech. LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG (E.D. Tex. March 31, 2021) (ECF 576) (striking motions for new trial that failed to comply with L.R. 7(a)(2)).

during trial, such as jury instructions and procedures for how the parties would address what in the accused products allegedly "infringes" the subject limitations of CGI's motion as context for the remaining limitations of the claims and/or for invalidity.

Beyond this case, granting CGI's motion would open the floodgates to future partial summary judgment motions that require the Court to pre-evaluate for the jury what limitations are "contested" and "uncontested." Indeed, it is virtually always the case that one or more parts of a claim will be "uncontested" for purposes of invalidity, e.g., that a certain prior art reference discloses one or more parts of a claim, or infringement. But considering such "partial relief" when "a trial is going to happen no matter what, does not promote 'the just, speedy, and inexpensive determination of every action and proceeding.'" *Huawei*, 2018 WL 3375192 at *4 (quoting Fed. R. Civ. P. 1). Nor is it "conducive to the conservation of judicial resources and of benefits to the parties." *Id.* at *5.

The Court can avoid all of these issues by denying CGI's motion. At best, granting CGI's motion would result in cutting "an hour or two" (and likely much less) from the one-week trial[9], and such a "modest benefit is outweighed by the high risk of error, not to mention the intrusion on the Constitutional right to a jury trial if it turns out there were genuine issues of fact." *See id.* Thus, the Court should exercise its discretion to deny CGI's motion for partial summary judgment of infringement.

## VI.  CONCLUSION

For the reasons discussed above, the Court should deny CGI's motion.

---

[9] Evidence at the March trial (which involved two additional patents) was completed in under four trial days.

Dated: July 27, 2022                              Respectfully submitted,

                                                             */s/ David K. Callahan*
David K. Callahan
IL Bar No. 6206671
Kenneth G. Schuler
IL Bar No. 6226036
Marc N. Zubick
IL Bar No. 6308239
Raj Patel
IL Bar No. 6321274
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
david.callahan@lw.com
kenneth.schuler@lw.com
marc.zubick@lw.com
raj.patel@lw.com

S. Giri Pathmanaban
TX Bar No. 24074865
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
giri.pathmanaban@lw.com

Susan Y. Tull
D.C. Bar No. 992644
Gabriel K. Bell
D.C. Bar No. 987112
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
susan.tull@lw.com
gabriel.bell@lw.com

Stephen A. Maniscalco
NY Bar No. 5387063

13

███████████████████████████████

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
stephen.maniscalco@lw.com

Bradley A. Hyde
CA Bar No. 301145
**LATHAM & WATKINS LLP**
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8041
Fax: (714) 755-8290
bradley.hyde@lw.com

Michael C. Smith
TX Bar No. 18650410
**SCHEEF & STONE, LLP**
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Scott W. Breedlove
TX Bar No. 00790361
Nathan Cox
TX Bar No. 24105751
**CARTER ARNETT PLLC**
8150 N. Central Expy, 5th Floor
Dallas, TX 75206
Telephone (214) 550-8188
Fax: (214) 550-8185
sbreedlove@carterarnett.com
ncox@carterarnett.com

**ATTORNEYS FOR DEFENDANTS
OVERHEAD DOOR CORPORATION
AND GMI HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I certify that on July 27, 2022 all counsel of record were served with a copy of this document via email.

*/s/ David K. Callahan*
David K. Callahan

## CERTIFICATE OF AUTHORIZATION TO SEAL

Per CV-5(a)(7)(B), the Court already has granted authorization to seal confidential documents, and Defendants are filing under seal pursuant to the protective order entered in the case.

*s/ David. K. Callahan*
David K. Callahan
