UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br><br>    Plaintiff,<br><br>v.<br><br>OVERHEAD DOOR CORPORATION and GMI HOLDINGS INC.,<br><br>    Defendants. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

# THE CHAMBERLAIN GROUP LLC'S RENEWED MOTION TO COMPEL WAIVED COMMUNICATIONS

## I. INTRODUCTION AND BACKGROUND

### A. Defendants' Inconsistent Statements to the Court

On March 6, 2022, a little over twelve hours before trial was set to begin in this case, counsel for Defendants disclosed the existence and sale of an infringing "combo board" product, never identified in discovery. Dkt. 348-1 at 1. Importantly, Defendants' counsel told the Court that it was also the first time *they* were learning "that Overhead Door introduced a new garage door opener model and beginning sometime in December 2021 shipped several thousand units of this model." *Id*. Finding Defendants' concealment of the "combo board" product significantly prejudiced Chamberlain and its ability to try this case, the Court granted Chamberlain's sanctions motions and ordered a new trial on all issues related to the '404 Patent. *See generally*, Dkt. 386. At that time, the Court did "not find that Defendants' counsel engaged in any intentional or malicious withholding of information." *Id*. at fn. 3.

Since that March 6 email, Defendants and their counsel's story has continuously shifted. While Defendants' counsel told the Court on March 6 it was the first time they learned of the introduction and sale of the "combo board" product, and that they had "no detailed technical information" about the product, Defendants later backtracked, telling the Court that it "did not state it lacked prior knowledge of the combo board project's existence," simply that it lacked awareness of the *sales*. *Compare* Dkt. 348-1 at 1; Dkt. 403 at 1. Defendants' July 22, 2022 privilege log and supplemental response to Interrogatory No. 6 now bear this inconsistency out. On July 22, 2022, pursuant to the Court's order compelling a response to Interrogatory No. 6,

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████ Ex. B (OHD Jul. 22, 2022 Supp. Priv. Log); Ex. C (OHD Jul. 22, 2022 Supp. Resp. to Rog 6).

1

Defendants also told the Court the March 6 disclosure of the "combo board" product came "[i]n connection with preparing a witness for trial." Dkt. 348-1. ███████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████ Ex. D (Trial Tr. Vol. 1) at 12:7-13; *see also* 11:9-12:15. ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████ Ex. E (Janas June 8, 2022 Dep. Tr.) at 104:4-16. ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████ *Id*. at 108:2-6. ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████ *Id*. at 104:17-108:16. ████████████████████████████████████████████████████████ █████████████████████████ Ex. F (Kridel June 21, 2022 Dep. Tr.) at 27:2-28:18. This was improper. *Mass Engineered Design, Inc. v. Egotron, Inc.*, No. 2:06-cv-272, 2008 WL 744705, at *1 (E.D. Tex. Mar. 19, 2008) ("When a party waives privilege as to a particular communication, the waiver applies to all other communications relating to the same subject matter.")

      These changes beg answers to the questions Chamberlain has consistently asked through the renewed discovery: Why was the design, development, and sale of the combo board product not disclosed during the original fact discovery period? And if Defendants and their counsel knew about the existence of the "combo board" product as of July 2021, why did they ultimately choose to disclose it on March 6? Defendants have been evasive and shifting in their responses to Chamberlain's requests for this information, and so Chamberlain is left with only conjecture.

### B. Chamberlain's Theories on Defendants' March 6 Disclosure

As to the former question (why the "combo board" product wasn't disclosed in discovery), Chamberlain believes Defendants and their counsel intentionally withheld discovery on the "combo board" product because it showed the weakness of their noninfringement argument. When pressed on this issue at the March 25, 2022 sanctions hearing, counsel for Defendants repeatedly stated that they **had** produced discovery on the "combo board" product. *E.g.*, Ex. G (Mar. 25, 2022 Hrg. Tr.) at 15:5-17. The Court disagreed (*see generally* Dkt. 386) and this has been confirmed by the ███████████████████████████████████████ ███████████████████████████. Ex. A (Declaration of K. Quisenberry) at ¶ 9.

Defendants also implied that because the "combo board" products had not been sold, they were excused from discovery. Ex. C (Jul. 22, 2022 Resp. to Rog 6); Ex. G (Mar. 25, 2022 Hrg. Tr.) at 16:15-22. But when asked by the Court whether the fact that "the product with the single board was in development, and then perhaps in production, but because [counsel's] understanding was it hadn't been placed into the market, that that would make that information non-discoverable and irrelevant and shouldn't have been produced in the first place?," counsel for Defendants responded "[n]ot at all, Your Honor." Ex. G (Mar. 25, 2022 Hrg. Tr.) at 16:23-17:4.

So, the question remains: why was the product not disclosed during discovery? The answer – which Chamberlain believes is contained in the correspondence underlying Defendants' July 22, 2022 privilege log – is relevant, not only to the issues of infringement, willfulness, and whether this is an exceptional case, but whether Defendants and their counsel compounded their concealment of the "combo board" product with further half-truths and misrepresentations to Chamberlain and the Court following March 6. Because Defendants and their counsel's conduct constitutes the type of "chicanery" that gives the Court leeway to determine whether privilege has

3

been waived, Chamberlain requests the Court review the documents underlying those entries *in-camera*. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1375-76 (Fed. Cir. 2007).

With respect to the latter question (why the "combo board" product was ultimately disclosed on March 6), Chamberlain believes the "combo board" product was only revealed to the Court and Chamberlain because Chamberlain inadvertently purchased a model with "combo board" versions as a demonstrative to use at trial. Chamberlain's counsel purchased a Model 3155 D Genie garage door opener to use as a demonstrative. Ex. A (Declaration of K. Quisenberry) at ¶ 10. Chamberlain notified Defendants that the Model 3155 D Genie GDO would be available for inspection on March 5. Ex H (March 5, 2022 email from K. Quisenberry to B. Hyde). Defendants inspected the Model 3155 D garage door opener on March 6, and Mr. Callahan's email to the Court followed shortly thereafter. *Id.*; Dkt. 348-1. After Chamberlain's counsel received Mr. Callahan's email, it inspected the Model 3155 D garage door opener it had purchased and found that it did not contain a "combo board" configuration. Ex. A (Declaration of K. Quisenberry) at ¶ 10. However, other subsequently purchased Model 3155 D GDOs did contain combo board configurations. *Id.*



Ex. E (Janas June 8, 2022 Dep. Tr.) at 103:14-18. ███████████████████████████ *Id*. at 103:19-22.

If counsel for Defendants only disclosed the "combo board" product to the Court because they feared Chamberlain might discover the change on its own, that is again relevant to infringement, willfulness, and whether this is an exceptional case. Chamberlain has been deprived of an opportunity to test this theory because Defendants refused to log any communications with counsel on March 6 or otherwise provide meaningful discovery. Thus, Chamberlain requests the

Court order Defendants to log their March 6, 2022 communications relating to the "combo board" product and review the documents underlying those entries *in-camera*.

## II.     ARGUMENT AND REQUESTED RELIEF

### A. Chamberlain Requests the Court Review Defendants' Privilege Log Entries *In-Camera*

Defendants' July 22, 2022 privilege log has 21 entries. Ex. B (Defendants' Jul. 22, 2022 Supp. Privilege Log). The first date of these entries is July 26, 2021. *Id*.  Ex. B (Defendants' Jul. 22, 2022 Supp. Priv. Log.) at OHD-TX-0610696. Thirteen other entries give the exact same description.[1]  *Id*. at 1. Defendants also supplemented their response to Interrogatory No. 6 to state that ▮▮▮▮▮. Ex. C (Defendants' Jul. 22, 2022 Resp. to Rog. 6). According to the interrogatory response, this communication was ▮▮▮▮▮ *Id*.

Through these self-serving statements, Defendants appear to be representing, once again, that they made proper efforts to collect documents responsive to Chamberlain's requests. But that representation is suspect, given that Defendants renewed document production shows Defendants did not produce even a ***fraction*** of the relevant documents related to the "combo board" product. Ex. A (Declaration of K. Quisenberry) at ¶ 9. If Defendants insist on continuing to make such representations, despite facts to the contrary, Chamberlain requests the Court test those facts through *in-camera* review.

---

[1] OHD-TX-0586634-40; OHD-TX-0586674; OHD-TX-0586678-81; OHD-TX-0586683.

Further, ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████  Ex. B (Defendants' Jul. 22, 2022 Supp. Priv. Log.) at 2. Defendants told the Court and Chamberlain on March 6 (and consistently from that point forward) that March 6, 2022 was the first date on which Latham & Watkins became aware of the *sale* of the "combo board" product. If Defendants and their counsel did not believe the "combo board" products had been sold or would be sold during the pendency of the lawsuit, how is it possible that the "combo board" product could impact Chamberlain's claim for damages? Of greater concern is why, if Defendants and their counsel were ████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████ Chamberlain similarly requests that the Court test these entries, which concerningly show that Defendants and their counsel chose not to disclose the "combo board" at a second juncture.

### B. Chamberlain Request Defendants Be Ordered to Log March 6, 2022 Communications and Submit for *In-Camera* Review

Defendants' privilege log ends on January 3, 2022. According to counsel for Defendants, "Defendants do not read the Court's order as requiring logging of combo board communications on or after March 6," and so Defendants intentionally withheld communications from March 6 on the privilege log. Ex. I (Jul. 27-Aug. 1, 2022 email thread between B. Hyde and K. Quisenberry). When pressed for Defendants' basis to withhold communications from March 6, Defendants stated that the "plain language of Chamberlain's Interrogatory No. 6 does not call for any information about Defendants' March 6 communications." *Id*.

6

Chamberlain disagrees, and apparently Defendants did as well when they first answered Interrogatory No. 6. Defendants' original response to Interrogatory No. 6 explains that:



Ex. C (Defendants' May 19, 2022 Resp. to Rog. 6). Defendants' refusal to log March 6 communications implicated by *their response* to Interrogatory No. 6 is further evidence of evasive and shifting behavior on behalf of Defendants and their counsel. For this reason, Chamberlain requests the Court order Defendants to log March 6 communications.

Furthermore, the substance of this response was directly contradicted by Mr. Janas in his deposition. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇ Ex. E (Janas June 8, 2022 Dep. Tr.) at 108:2-6; 104:17-105:17. ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. at 104:4-108:6. Chamberlain has since been foreclosed from investigating this issue further, as (1) Mike Kridel was precluded from testifying on these issues at his deposition; (2) Defendants refused to supplement their July 22, 2022 Privilege Log to include March 6 communications; and (3) Defendants never supplemented their response to Interrogatory No. 6 to correct this misstatement.

Given these obvious inconsistencies and Defendants' refusal to allow Chamberlain to test those inconsistencies, Chamberlain requests the Court review Defendants' March 6, 2022 communications with counsel *in-camera*, following supplementation of their privilege log.

7

### C. Defendants' Actions and Privilege Log Confirm Waiver of Privilege

Defendants waived privilege through its disclosure to the Court and through Mr. Janas's testimony on June 8 about his communications with trial counsel. *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) (holding privilege is waived "when the attorney discloses the information to the court voluntarily…"); *Flashmark Techs. LLC v. GTECH Corp.*, No. 2:06-cv-205, 2007 WL 9724333, at *3 (E.D. Tex. Aug. 1, 2007) (holding waiver occurs when there is "disclosure of any significant portion of a confidential communication."). This testimony, which is inconsistent with the discovery responses Defendants gave in this case and the representations of its' counsel to this Court, support a waiver of privilege. *Flashmark Techs.*, 2007 WL 9724333, at *3. Further, Defendants counsel's disclosure of the "combo board" products on March 6 and the events that followed (as outlined above) offer the type of "unique circumstances" that support extension of "waiver [of privilege] to trial counsel." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374-75 (Fed. Cir. 2007).

Defendants' selective disclosure of information, which is often inconsistent with other information provided, is affording Defendants an "unfair tactical advantage" because it allows Defendants to provide their version of events relating to the disclosure of the "combo board" while shielding the full picture from the Court and Chamberlain. *DataTreasury Corp. v. Wells Fargo & Co.*, Civ. No. 2:06-cv-72-DF, 2009 WL 10679839, at *2 (E.D. Tex. Nov. 13, 2009). Accordingly, the Court should find the "scope of waiver is [as broad as] necessary to address that unfair advantage." *Id*. Chamberlain respectfully requests the Court (1) order Defendants to supplement their privilege log to include March 6, 2022 communications; and (2) review all entries *in-camera* in order to determine which allegedly privileged communications have been waived.

### D.  Chamberlain Requests All Additional Relief Deemed Appropriate by the Court

This is the third time Chamberlain has been forced to ask for the Court's assistance in seeking relevant, properly discoverable information about the "combo board" products. Defendants conduct in (1) continuing to wrongfully withhold relevant communications from its privilege log; (2) improperly foreclosing deposition testimony; and (3) failing to provide accurate discovery responses, despite being previously sanctioned (Dkt. 386) and ordered to provide discovery (Dkt. 458), are further violations of Federal Rule of Civil Procedure 37(b).  Accordingly, Chamberlain respectfully requests an instruction that allows Chamberlain to explain Defendants' repeated litigation misconduct to the jury, including an inference that such misconduct was intentional, and the information was withheld because it undercut Defendants' noninfringement defenses.  The Court has broad discretion to impose these sanctions or whatever sanctions the Court deems appropriate.  *See* Dkt. 386 at 5-6 (explaining the Court's authority to fashion appropriate sanctions under Federal Rule of Civil Procedure 37(b) and the Court's inherent authority).

Date:  August 11, 2022

By:

Respectfully submitted,

*/s/ Benjamin C. Elacqua*
Ruffin B. Cordell
cordell@fr.com
Texas Bar Number 04820550
Daniel R. Gopenko
Virginia Bar Number 83932
gopenko@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com

9

Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Betty H. Chen
Texas Bar Number 24056720
bchen@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: 650-839-5070

Jared A. Smith *(Pro Hac Vice)*
California Bar Number 306576
jasmith@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Scott M. Flanz (*Pro Hac Vice*)
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

**COUNSEL FOR PLAINTIFF THE CHAMBERLAIN GROUP LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties met and conferred on August 3, 2022.  Defendants indicated that they are opposed to this motion.

*/s/ Melissa R. Smith*

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Per CV-5(a)(7)(B), the Court already has granted authorization to seal confidential documents, and Chamberlain is filing under seal pursuant to the protective order entered in the case.

*/s/ Melissa R. Smith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via email on this 11th day of August, 2022.

*/s/ O grkuuc T0Ub kj*