UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC<br><br>　　　　　Plaintiff,<br>　v.<br>OVERHEAD DOOR CORPORATION and<br>GMI HOLDINGS INC.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-0084-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING TO RECONSTRUCTED PROTOTYPE**

Defendants' Motion to Compel Production of Documents Relating to Reconstructed Prototype should be denied. Defendants have failed to show that the challenged entries are not subject to the attorney-client privilege. Nor have Defendants shown that attorney-client privilege or work product protection have been waived as to the challenged entries. Defendants' sole theory is that because Chamberlain made the reconstructed physical operator available to Defendants for inspection and allowed Mr. Laird to testify regarding facts underlying the operator, Chamberlain has somehow waived both attorney-client privilege and work product protection over all challenged communications and documents with Mr. Laird, even though many of the entries do not even relate to the same subject matter. Despite Defendants having presented no argument that shows a sufficient challenge to the attorney-client protection of these entries, Chamberlain is willing to present all challenged documents in Chamberlain's privilege log for the Court's review *in-camera*.

## I.  FACTUAL BACKGROUND

### A.  The Reconstructed Physical Operator

Edward Laird is the sole inventor of the '404 patent. Since the outset of this case, Chamberlain has contended (and the evidence has shown) that Mr. Laird conceived of the inventions of the '404 patent by at least June 2007 when he wrote the source code contained in CGI_000142436. Mr. Laird testified to the facts and circumstances surrounding his conception of the '404 patent on three separate occasions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A (Laird Nov. 1, 2021 Dep. Tr.) at 14:4-15:6; Dkt. 470-9 at 37:23-38:9; Dkt. 526-2 at 76:9-19; Dkt. 470-8 at 129:5-130:20. Chamberlain supplemented its conception disclosures on May 29, 2022 to reiterate this information. Dkt. 401-5 at 1. Defendants

did not oppose Chamberlain request to supplement this aspect of its Patent Local Rule 3-1 disclosures.

So that Mr. Laird could better demonstrate the operation of his 2007 source code for the jury, Mr. Laird installed his 2007 source code onto a 2007 vintage operator using a microprocessor that would have been available to him in 2007. Dkt. 526-6 at 81:9-11. Notably, OHD repeats the same tired misstatement of Mr. Laird's testimony regarding the amount of time he invested in creating the reconstructed physical operator. Mot. at 2. As Chamberlain previously clarified, Mr. Laird did not testify that he spent hundreds of hours on this project. Dkt. 442-3 at 85:22-86:21. Mr. Laird testified that he did not know how long he spent on the project, but it was unlikely it was 200 hours or more. *Id.* When asked about documents and emails relating to the reconstructed physical operator, Mr. Laird testified that he did not have any documents. Dkt. 526-6 at 87:13-23.

The Court previously denied Defendants' motion to compel all communications relating to the reconstructed physical operator. Dkt. 405; Mot. at 2. During the Court's July 12, 2022 hearing on this motion to compel, the Court ordered Chamberlain to serve and file a privilege log for "[a]nything regarding this area of inquiry." July 12, 2022 Hrg. Tr. at 18:19-24. Pursuant to the Court's Order, Chamberlain filed and served on OHD its privilege log listing 57 entries. On July 26, 2022, Chamberlain filed an amended privilege log removing duplicative entries and correcting typographical errors. Dkt. 462. The filing includes an identification of each change to the privilege log. In response to Defendants' request, and despite that Chamberlain's original privilege log entries provided a sufficient basis to show attorney-client privilege and work product protection, Chamberlain served a supplemental privilege log adding requested detail to certain entries.

### B. The Challenged Entries

Defendants challenge eleven entries they allege meet the following three criteria: (1) created or authored by Mr. Laird; (2) related to the conception, reduction to practice, or

inventorship of the '404 patent; and (3) limited to the time period beginning with May 5, 2022 through June 13, 2022.  Important additional details regarding these entries is summarized below:



Accordingly, while entries 14, 21, 23, 30, and 37 are "created by" Mr. Laird, they are emails from Mr. Laird to counsel regarding the litigation.  Likewise, entries 24, 25, and 26 are attachments to correspondence between Mr. Laird and counsel.  These distinctions are important, as Defendants have argued a blanket waiver of *work product* protection over these entries (Mot. at 4), but only challenged entries 24, 25, 26, and 29, which list "Work Product" as the basis for privilege, and even those entries also list "Attorney-Client" as a basis for privilege.

## II.  LEGAL STANDARD

The attorney-client privilege and the work-product doctrine are two distinct concepts and waiver of one does not necessarily waive the other.  *In re EchoStar Comms. Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006)[1].  Attorney-client privilege protects the confidentiality of communications

---

[1] Unless otherwise noted, all internal quotations and citations are omitted.

between attorney and client made for the purpose of obtaining legal advice. *Id*. Because "selective waiver of privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *Id*. So, "when a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter." *Id*. at 1301.

The work product doctrine is broader, protecting all "documents and tangible things, such as memorandums, letters, and e-mails" prepared in anticipation of litigation, even if non-privileged and relevant. *Id*. at 1301. While the work product doctrine is not absolute, a waiver of work product is "not a broad waiver of all work product related to the same subject matter like the attorney-client privilege." *Id*. at 1302. Work product waiver only extends to factual or non-opinion work product concerning the same subject matter as the disclosed work product. *Id*.

### III.  ARGUMENT

Defendants make three arguments for why attorney-client privilege and/or work product protection over the challenged entries is not applicable or has been waived. None of Defendants' arguments hold water.

First, Chamberlain has shown that the entries listed were for "the primary purpose of securing either a legal opinion or legal service, or assistance in some legal proceeding." *Equal Emp't Opp. Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). Defendants state Mr. Laird testified that "during the months of May and June, 2022, he was 'reconstructing' a physical device…***without the assistance of counsel***." Mot. at 6 (emphasis added). Defendants do not cite (and Chamberlain cannot find) any such statement by Mr. Laird during his deposition. Nor has Chamberlain alleged that Mr. Laird never spoke to counsel about the reconstructed physical operator during that (or any other) time frame. With respect to entry 39, attorney-client privilege extends to communications made to counsel by the client for the purpose of receiving

4

legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). The audio and visuals accompanying the video in entry 39 contains such statements and so is privileged.

With respect to the remaining entries, Defendants misleadingly say "Mr. Laird (a non-lawyer engineer)…*created* each of the other entries." Mot. at 6. Defendants leave out that each of these entries are email communications from Mr. Laird to counsel for Chamberlain (or attachments thereto) relating to the issues of inventorship, conception, reduction to practice, and the reconstructed physical operator, all of which are classic attorney-privileged communications as they were sent for the purpose of "securing a legal opinion or legal services, or assistance in [this] legal proceeding." *BDO USA*, 876 F.3d 690 at 965. There is no reason, based on the entry, to presume (as Defendants did) that this is non-privilege "factual work or analysis." Mot. at 6. They are communications with counsel and fall under the attorney-client privilege.

Second, at no point in time did Chamberlain disclose any attorney-client communications between Mr. Laird and counsel for Chamberlain to Defendants relating to this topic, thereby waiving privilege. Chamberlain properly withheld all communications between counsel and Mr. Laird relating to the reconstructed physical operator and included those communications on its privilege log. Dkt. 462. Defendants point to no specific deposition testimony by Mr. Laird they allege constitutes waiver. Nor can they, as Mr. Laird only testified about the *facts* underlying his work on the reconstructed physical operator, which does not constitute a waiver of attorney-client privilege because the questions did not call for attorney-client privileged information. To the contrary, ▮

5

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ *See, e.g.*, Ex. B (June 17, 2022 Laird Dep Tr.) at 177:25-178:6.

Defendants appear to be arguing that by making "the reconstructed prototype available to OHD," Chamberlain "thereby intentionally waived 'work product' and 'attorney client' privilege as to it." Mot. at 6. There is no legal support for this position. The reconstructed physical operator itself is not an attorney-client communication or document, and Defendants point to no case law supporting blanket waiver of attorney-client privileged communications relating to an exhibit or demonstrative, simply because the exhibit or demonstrative is used in the litigation. The case law cited by Defendants does not support such waiver. *Fort James Corp.* (cited by Defendants'), involves an invention disclosure ***statement*** that was provided to counsel for purposes of determining whether the patentee's pre-filing activities raised a bar to patentability. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349-50 (Fed. Cir. 2005).[2] By disclosing the invention disclosure statement, the patentee waived privilege over that and similar communications. *Id*. No such situation exists here.

Further, under Defendants' logic, any party who wished to use a reconstruction, video, physical sample, etc. as an exhibit or demonstrative at trial would similarly waive all attorney-client communications relating to that exhibit or demonstrative. If Courts were to take such an approach, any party wishing to use an exhibit or demonstrative created as part of the litigation process would have to disclose all related attorney-client communications. Indeed, Defendants themselves would have to produce all communications with counsel relating to their physical trial exhibits, videos created by Dr. Leeb listed on Defendants' exhibit list, and any other trial

---

[2] Chamberlain notes that *Fort James Corp.* was decided under Seventh Circuit, not Fifth Circuit, law. *Fort James Corp.*, 412 F.3d at 1346.

demonstratives. Such an outcome is clearly not contemplated by the rules and case law surrounding waiver of attorney-client privilege.

Finally, Defendants argue the Court should reject Chamberlain's claim of work product protection for entries 24, 25, 26 and 39 because Chamberlain allegedly waived work product protection over those items. Mot. at 7. Chamberlain disagrees that its disclosure of the reconstructed physical operator constitutes a waiver of work product protection because waiver of work product "is not a broad waiver of all work product related to the same subject matter." *EchoStar*, 448 F.3d 1294 at 1302. Any alleged waiver only extends to "factual" or "non-opinion" work product concerning the same subject matter as the disclosed work product. *Id.* With respect to entries 24, 25, and 26, those entries do not even relate to the reconstructed physical operator. As the entries state, they relate to an analysis of prior art. Accordingly, any alleged waiver should not extend to these entries, which involve unrelated subject matter.

With respect to entry 39, Chamberlain produced the same information (a video of the operation of the reconstructed physical operator) and made other information (*e.g.,* the reconstructed physical operator itself and Mr. Laird's factual testimony regarding the same) available to Defendants. Accordingly, Defendants have all the same information available to Chamberlain. What Chamberlain is withholding (and what is subject to the attorney-client privilege, as explained above) is the precise audio and visuals associated with the video. Chamberlain should not be required to produce entry 39 to Defendants.

## IV.   CONCLUSION

Defendants' Renewed Motion to Compel should be denied in all respects. To the extent it would aid the Court in making its decision, Chamberlain is willing to present all challenged documents in Chamberlain's privilege log to the Court for *in-camera* review.

| | |
|---|---|
| Date: August 25, 2022 | Respectfully submitted, |

By: /s/ Betty H. Chen
Ruffin B. Cordell
cordell@fr.com
Texas Bar Number 04820550
Daniel R. Gopenko
Virginia Bar Number 83932
gopenko@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
Karrie Wheatley
Texas Bar Number 24098605
wheatley@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Aamir A. Kazi
Georgia Bar Number 104235
kazi@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2811

Betty H. Chen
Texas Bar Number 24056720
bchen@fr.com
Claire Chang
California Bar No. 341420
cchang@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063

8

Telephone: 650-839-5070

Scott M. Flanz (*Pro Hac Vice*)
New York Bar Number 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257


**COUNSEL FOR PLAINTIFF THE CHAMBERLAIN GROUP LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via email on this 25th day of August 2022.

/s/ Betty H. Chen

## CERTIFICATE OF AUTHORIZATION TO SEAL

Per CV-5(a)(7)(B), the court already has granted authorization to seal confidential documents, and Chamberlain is filing under seal pursuant to the protective order entered in the case.

/s/ Betty H. Chen