IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC, § § § *Plaintiff*, § § v. § § OVERHEAD DOOR CORPORATION, GMI § HOLDINGS INC., § § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00084-JRG |

## MEMORANDUM ORDER AND OPINION

Before the Court is the Request for Judgment as a Matter of Law of Willfulness and Enhanced Damages (the "Motion") filed by Plaintiff The Chamberlain Group LLC ("Plaintiff" or "Chamberlain"). (Dkt. No. 621.) Having considered the Motion, and for the reasons stated herein, the Court finds that it should be **DENIED**.

### I.     BACKGROUND

Chamberlain filed a Complaint on March 10, 2021, alleging infringement by Defendants Overhead Door Corporation and GMI Holdings Inc. (collectively, "Defendants" or "OHD") of U.S. Patent Nos. 8,587,404 (the "'404 patent"); 9,644,416 (the "'416 patent"); 7,852,212 (the "'212 patent"); and 8,144,011 (the "'011 patent") (collectively, the "Original Asserted Patents"). (Dkt. No. 1.) Chamberlain accused of infringement certain garage door openers sold by Defendants. (*See generally id.*)

After a jury trial was held on the Original Asserted Patents in March of 2022, a new trial was awarded only as to the '404 patent. (*See, e.g.*, Dkt. Nos. 349, 350, 351, 352, 353, 356, 386.) A trial on the '404 patent commenced on January 23, 2023. (*See, e.g.*, Dkt. Nos. 595, 596, 597, 598, 602, 610, 611, 612, 614, 615, 616.) On January 27, 2023, the jury returned a verdict finding

that Defendants infringed Claims 4 and 20 of the '404 patent, that Defendants' infringement was not willful, and that the Asserted Claims are not invalid as obvious or for improper inventorship. (Dkt. No. 599.) The jury awarded $43.4 million in damages, $2.7 million of which represents a running royalty. (*Id.*)

Chamberlain filed the instant Motion on March 2, 2023, urging the Court to overturn the jury's finding of no willfulness pursuant to Fed. R. Civ. P. 50(b). (Dkt. No. 621.)

## II. LEGAL STANDARD

### a. Judgment as a Matter of Law

"Judgment as a matter of law is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). The non-moving party must identify "substantial evidence" to support its positions. *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 569 (E.D. Tex. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004).

"The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)). A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Diag. Div. Inc.*, 442 F.3d 919, 937–38 (5th Cir. 2006).

Rule 50(a)(2) requires the moving party, when moving for JMOL before the case is submitted to the jury, to "specify the judgment sought and the law and the facts that entitle the movant to the judgment." Generally, a party who fails to present a Rule 50(a) motion on an issue prior to the close of evidence waives both its right to present a Rule 50(b) motion after judgment and its right to challenge the sufficiency of the evidence on appeal. Fed. R. Civ. P. 50(b); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007) (citing *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238).

### III.   DISCUSSION

Chamberlain urges that the evidence presented at trial does not support the jury's finding that OHD did not willfully infringe the '404 patent. (Dkt. No. 621 at 1.) Chamberlain also argues that "enhanced damages are warranted not only due to OHD's willful infringement, but because of its repeated litigation misconduct, which is outlined in detail in Chamberlain's Motion for Sanctions (Dkt. No. 348) and Chamberlain's Motion for an Exceptional Case Finding and Attorneys' Fees (Dkt. No. 620)." (*Id.*)

OHD argues that Chamberlain waived this argument because it "failed to move for judgment as a matter of law on the issue of willfulness before submission of the case to the jury under Rule 50(a)." (Dkt. No. 631 at 1.) OHD also contends that Chamberlain's argument fails on the merits because there was substantial evidence at trial supporting the jury's finding of no willful infringement. (*Id.* at 4–9.) Further, since an award of enhanced damages is "predicated on the assumption that Overhead Door willfully infringed," OHD contends that Chamberlain's request for enhanced damages likewise fails. (*Id.* at 10–11) (citations and quotations omitted).

Chamberlain argues in response that it did not waive its motion under Rule 50(b) pursuant to the Fifth Circuit's *de minimis* exception to Rule 50. (Dkt. No. 635 at 1.) Chamberlain contends

3

that the Fifth Circuit "has found that when the purposes of Rule 50 are met, it 'routinely excuses technical noncompliance with the pre-submission requirement' of filing a motion for JMOL before the case is submitted to the jury 'by invoking a *de minimis* exception to the rule.'" (*Id*. (citing *Taylor Publ'g Co. v. Jostens Inc*., 216 F.3d 465, 472 (5th Cir. 2000)) (alterations omitted).)

The Court agrees with OHD that Chamberlain waived its willfulness argument by failing to move under 50(a). (*See* Dkt. No. 615 at 226:9–16; 228:17–24.) A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485, n.5 (2008). The Court does not find that the *de minimis* exception applies in this case.

While it is true that Chamberlain presented argument in response to OHD's affirmative 50(a) motion for judgment as a matter of law of no willfulness (*see* Dkt. No. 615 at 253:9–254:18), the Court finds that such does not have the same effect as affirmatively moving for judgment as a matter of law on willfulness. *See Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 247 (5th Cir. 2005) ("If a party fails to raise an issue in its Rule 50(a)(1) motions at trial, it may not do so in its post-trial Rule 50(b) motion."); *Adaptix, Inc. v. Alcatel-Lucent USA, Inc*., 2016 U.S. Dist. LEXIS 206065, at *13–14 (E.D. Tex. Mar. 30, 2016) ("Therefore, because Adaptix did not identify lack of enablement as a specific ground in its Rule 50(a) motion, Adaptix waived its right to renew it as part of its Rule 50(b) motion."); *Golden Hour Data Sys. v. emsCharts, Inc*., 2014 U.S. Dist. LEXIS 95640, at *6, 10 (E.D. Tex. Mar. 31, 2014) ("emsCharts altogether failed to raise the issues of willful infringement or invalidity in its Rule 50(a) motion... emsCharts has waived its right to present the willful infringement [argument]…in its Rule 50(b) motion[.]").[1]

---

[1] *See also Medisim Ltd. v. BestMed, LLC*, 758 F.3d 1352, 1357 (Fed. Cir. 2014) ("[W]e conclude that BestMed forfeited its right to move for JMOL on anticipation" because "BestMed's counsel made this statement in opposition to Medisim's motion for JMOL under Rule 50(a); BestMed never moved on its own for JMOL on anticipation before the case was submitted to the jury. Indeed, BestMed's counsel conceded that BestMed 'did not expressly say [that]

4

Accordingly, because the Court finds that Chamberlain waived its argument as to willfulness, the Court need not reach the arguments on enhanced damages. Further, the Court finds that even absent Chamberlain's waiver, there was sufficient evidence before the jury to support their finding of no willfulness and JMOL is not warranted in this instance. The Court addresses by separate order Chamberlain's Motion for an Exceptional Case Finding and Attorneys' Fees.

IV.   **CONCLUSION**

For the reasons stated above, Chamberlain's Motion (Dkt. No. 621) should be **DENIED**.

**So ORDERED and SIGNED this 4th day of April, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

we cross-move for JMOL when they moved for JMOL on the anticipation issue.'") (analyzing Second Circuit law) (citations and quotations omitted).