# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP LLC, § § | |
| *Plaintiff*, § § § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00084-JRG |
| OVERHEAD DOOR CORPORATION, GMI HOLDINGS INC., § § § | |
| *Defendants*. § | |

## FINAL JUDGMENT

A jury trial commenced in the above-captioned case on January 23, 2023 and on January 27, 2023, the jury reached and returned its unanimous verdict finding that Defendants Overhead Door Corporation and GMI Holdings Inc. ("Defendants") infringed Claims 4 and 20 of U.S. Patent No. 8,587,404 (the "'404 Patent") (collectively, the "Asserted Claims"); that the infringement was not willful; that none of the Asserted Claims were invalid; and that Plaintiff The Chamberlain Group LLC ("Chamberlain") is owed $43,400,000.00 for Defendants' infringement, $2,700,000.00 of which is a running reasonable royalty, and the balance of which represents lost profits. (Dkt. No. 600.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendants have infringed all the Asserted Claims;

2. The Asserted Claims are not invalid;

3. Chamberlain is hereby awarded compensatory damages from Defendants and shall accordingly have and recover from Defendants the sum of $43,400,000.00 US Dollars for Defendants' infringement, $2,700,000.00 of which is in the form of a running royalty, and $40,700,000.00 of which are lost profits;

4. Chamberlain is entitled to supplemental compensatory damages from Defendants for any infringement occurring after the date of the last infringement evidence presented to and considered by the jury and up to the date when final judgment is entered. Chamberlain is entitled, in this case, to recover supplemental damages as addressed in this Court's earlier order, dated April 4, 2023 at Dkt. No. 657, which the Court adopts herein. Accordingly, the Court hereby orders that Chamberlain recover from Defendants supplemental compensatory damages in the amount of $2,217,602.10 US Dollars.

5. The parties have stipulated that Chamberlain is entitled to a future running royalty if the Court does not order a permanent injunction. (Dkt. No. 657 at 14.) The Court has found that a permanent injunction is not warranted and has ordered that the parties' stipulated rate apply as an ongoing running royalty. Such is set forth in this Court's earlier order, dated April 4, 2023 at Dkt. No. 654, which the Court adopts herein. Accordingly, the Court hereby orders that Chamberlain recover from Defendants an ongoing reasonable running royalty at the stipulated and ordered rate, to be applied per unit for all infringing sales of accused products occurring after the date of the last infringing evidence presented to the jury and hereafter throughout the remaining life of the '404 Patent.

6. Pursuant to 35 U.S.C. § 285, the Court has found that Chamberlain is entitled to recover its reasonable attorneys' fees, expert fees, and trial costs as addressed in this Court's earlier order, dated April 4, 2023 at Dkt. No. 656, which the Court adopts herein. Accordingly, the Court hereby orders that Chamberlain recover from Defendants the amount of $998,567.99 US Dollars.

7. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[1] the Court awards to Chamberlain to be recovered by Chamberlain from Defendants pre-judgment interest applicable to all sums awarded herein (other than attorney's fees, expert fees, and costs as noted in paragraph 6 hereof), calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date of the infringement. Such interest shall be calculated on infringing sales as and when they occurred.[2] As addressed in this Court's earlier post-trial order, dated April 4, 2023 at Dkt. No. 657, which the Court adopts herein, Chamberlain is awarded pre-judgment interest in the amount of $2,049,623.00 US Dollars; and

8. Pursuant to 28 U.S.C. § 1961, the Court awards to Chamberlain from Defendants post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

9. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Chamberlain is the prevailing party in this case and shall recover its costs from Defendants. Chamberlain is directed to file its proposed Bill of Costs.

---

[1] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[2] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 6th day of April, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE